UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CA 05 091 L

| | | |
|---|---|---|
| KEYSPAN LNG, L.P. | ) | |
| V. | ) | C.A. NO. ____________ |
| THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council | ) | |

**VERIFIED COMPLAINT**

1. Plaintiff, KeySpan LNG, L.P. ("KLNG"), seeks a declaratory judgment and injunctive relief with respect to the assertion and threatened application by the Defendants, pursuant to R.I. Gen. Laws §§ 46-23-1 et seq. and the regulations adopted thereunder, of a state regulatory program (the "State Coastal Resources Management Program"), including the requirement to obtain a state permit, called a Category B Assent, under the State Coastal Resources Management Program with respect to the Project hereinafter described. Defendants' assertion and threatened application of the State Coastal Resources Management Program arises

in connection with the proposed modification to an existing federally authorized and regulated interstate liquefied natural gas ("LNG") storage tank and related facilities located at 121 Terminal Road in the City of Providence (the "Facility"). Plaintiff submitted an application for the proposed modification, which includes replacing the existing LNG barge unloading facilities by installing a new ship berth in the Providence River and installing additional boil-off compression and condensing systems, LNG pumps, and indirect- fired LNG vaporizers (the "Project"), to the Federal Energy Regulatory Commission ("FERC") pursuant to Section 3 of the Natural Gas Act , 15 U.S.C. § 717b(a), on April 30, 2004.

Application and enforcement of the State Coastal Resources Management Program, including so-called Category B Assent permit requirements, are preempted by the federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 et seq., the recodified federal Natural Gas Pipeline Safety Act (NGPSA), 49 U.S.C. §§ 60101 et seq., and federal regulations promulgated thereunder. Such enforcement also constitutes an undue burden on interstate commerce under the Commerce Clause of the Constitution of the United States of America. Accordingly, the State Coastal Resources Management Program, including its state permit and approval requirements, violate the Supremacy Clause as well as the Commerce Clause of the United States Constitution, Article VI, clause 2 and Article 1, §8, clause 3, respectively, and are unenforceable. On the same basis, Plaintiff seeks a preliminary and permanent injunction against the application and enforcement by Defendants and their successors of the State Coastal Resources Management Program, including the so-called Category B Assent permit requirement, to the Project.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §2201, 28 U.S.C. §2202, 28 U.S.C. §1331, 28 U.S.C. §1337, 15 U.S.C. §717u and 42 U.S.C. §1983. This Court is

the proper venue for this action pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this district and the events of which Plaintiff complains have taken place therein.

## PARTIES

3. Plaintiff, KeySpan LNG, L.P. ("KLNG"), is a Delaware limited partnership having its principal place of business at 30 Kennedy Plaza, Providence, Rhode Island. KLNG is engaged solely in the interstate transportation of and storage of LNG. The Facility is part of an interstate system of natural gas transmission facilities servicing customers in New York, Rhode Island, and Massachusetts. KLNG is a "natural-gas company" within the meaning of §2(6) of the NGA, 15 U.S.C. §717a(6), and KLNG, the Facility, and the interstate pipeline industry generally are subject to regulation by FERC pursuant to the NGA and 18 CFR Chapter I. The Facility is comprised of "interstate gas pipeline facilities" engaged in the interstate transportation of gas within the meaning of NGPSA as recodified at 49 U.S.C. §60101(a)(6) and (21) and are facilities subject to §7 of the NGA.

4. Defendant Rhode Island Coastal Resources Management Council ("CRMC") is a state agency created by an Act of the Rhode Island General Assembly whose powers and duties are set forth at R.I. Gen. Laws §§46-23-1 et seq., and the regulations adopted thereunder.

5. Defendant Michael M. Tikoian is Chairman of the CRMC and is sued in said capacity.

6. Defendants Jan P. Malik, Paul E. Lemont, Laurence W. Ehrhardt, Thomas Ricci, David Abedon, Jerry Sahagian, Daniel Daponte, Eileen S. Naughton, V. Susan Sosnowski, Joseph R. Paolino, K. Joseph Shekarchi, Neil Gray, Raymond C. Coia, and Frederick Vincent are members of the CRMC and are sued in said capacity.

## FACTS

7. The NGA, 15 U.S.C. § 717, declares that "...the business of transporting and selling natural gas for ultimate distribution to the public is affected with a public interest, and that Federal regulation in matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce is necessary in the public interest." By virtue of the NGA, Congress has conferred upon FERC exclusive jurisdiction over the transportation and/or sale of natural gas for resale in interstate and foreign commerce. The NGA, together with the NGPSA, form a comprehensive and exclusive national regulatory scheme for natural gas transported and/or sold for resale in interstate and foreign commerce and the facilities associated with such transactions.

8. On April 30, 2004, KLNG, pursuant to Section 3 of the NGA, 15 U.S.C. §717b(a), and 18 C.F.R. Parts 153 and 380, submitted to FERC its "Application of KeySpan LNG, L.P. for Authorization of a Liquid Natural Gas Terminal" (the "FERC Application"). The FERC Application requests authorization from FERC to site, construct, and operate the Project and, pursuant to Section 7(b) of the NGA, 15 U.S.C. §717(b), to abandon certain facilities that will be replaced by the proposed improvements.

9. The FERC Application, as required by 18 C.F.R. §§153.8(a)(7), 380.3, and 380.12, includes an "environmental report" that consists of "thirteen resource reports," (the "Resource Reports"). The Resource Reports, among other things: (1) address conditions or resources that might be directly or indirectly affected by the Project; (2) identify significant environmental effects expected to occur as a result of the Project; (3) identify the effects of construction, and operation of the Project; and (4) identify measures proposed to enhance the environment or to

avoid, mitigate, or compensate for adverse effects of the Project. The Resource Reports in the FERC Application address the following specific topics:

Resource Report No. 1 – General Project Description
Resource Report No. 2 – Water Use and Quality
Resource Report No. 3 – Fish, Vegetation and Wildlife
Resource Report No. 4 – Cultural Resources
Resource Report No. 5 – Socioeconomics
Resource Report No. 6 – Geological Resources
Resource Report No. 7 – Soils
Resource Report No. 8 – Land Use, Recreation and Aesthetics
Resource Report No. 9 – Air and Noise Quality
Resource Report No. 10 – Alternatives
Resource Report No. 11 – Reliability and Safety
Resource Report No. 12 – PCB Contamination
Resource Report No. 13 – Engineering and Design Material

10. The environmental impacts of the Project are also evaluated by FERC through the preparation of an environmental impact statement pursuant to the Natural Environmental Policy Act, 42 U.S.C. §§4321 et seq., and 18 C.F.R. § 380.6. FERC promulgated a draft Environmental Impact Statement on the Project on November 30, 2004.

11. The Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451 et seq., and 15 C.F.R. Part 930, require that applicants for certain federal licenses or permits provide to the federal licensing or permitting authority a "certification that the proposed activity complies with and will be conducted in a manner consistent with" any federally-approved state coastal resources management program and, at the same time, furnish to the state agency designated under the CZMA "a copy of the certification and necessary data and information." See 15 C.F.R. §930.57. The designated state agency then shall notify the federal licensing or permitting authority and the applicant whether the designated state agency concurs with or objects to the consistency certification. See 15 C.F.R. § 930.62.

12. The Project is subject to the requirements set forth in paragraph 11 above and the CRMC is the state agency designated under the CZMA to review the certification.

13. On November 30, 2004, Plaintiff, pursuant to the CZMA and 15 C.F.R. §930.57, submitted to FERC its "coastal zone consistency certification" (the "CZMA Consistency Certification") for the Project. See Exhibit A.

14. On December 1, 2004, Plaintiff, pursuant to 15 C.F.R. Part 930, Subpart D and Section 400 of the Rhode Island Coastal Resources Management Program, furnished to the CRMC copies of the CZMA Consistency Certification, the FERC Application, a document entitled "Rhode Island Coastal Resources Management Plan Consistency Certification for KeySpan, LNG, L.P. Plant Upgrade, Providence, Rhode Island," and the U.S. Army Corps of Engineers Application for the Project. In its transmittal letter to the CRMC, KLNG advised:

> Based upon that legal analysis, we have concluded that because the Project is within the exclusive jurisdiction of the Federal Energy Regulatory Commission ("FERC") under Section 3 of the Natural Gas Act, 15 U.S.C. § 717b(a), and applicable FERC regulations, the CRMC's jurisdiction over the Project is limited to a determination of federal consistency under the CZMA and a separate Category B Assent is not required.

See Exhibit B.

15. By letter dated January 31, 2005, the CRMC responded to Plaintiff's filing of December 1, 2004 and stated that: "By this letter the CRMC concludes that, before the Project may proceed, KeySpan is required by law to (i) obtain a federal consistency determination, and (ii) comply with the Category B Assent process…." See Exhibit C.

16. The State Coastal Resources Management Program requires persons applying for a Category B Assent to submit information that substantially overlaps the application requirements under the NGA and the FERC regulations. Areas of overlap include, but are not limited to, need,

compliance with local zoning, building, and fire code requirements, safety, and environmental impacts. Furthermore, an appeal from a CRMC decision on a Category B Assent application is to the Rhode Island courts. An appeal from a CRMC decision objecting to a CZMA coastal zone consistency certification filed with the CRMC is to the Secretary of the United States Department of Commerce. See 15 C.F.R. § 930.125.

17. By asserting subject matter jurisdiction over the Project and requiring Plaintiff to seek and obtain a Category B Assent for the Project pursuant to the State Coastal Resources Management Program, Defendants have intentionally interfered, and unless enjoined herewith, will continue to interfere with Plaintiff's efforts to permit and construct the Project, thereby causing Plaintiff and the public to suffer irreparable injury, damage and loss for which Plaintiff and the public have no adequate remedy at law.

18. Defendants' threatened application and assertion of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that the Plaintiff apply for and obtain a Category B Assent has created an actual controversy between Plaintiff and Defendants. The Defendants have intentionally acted in violation of the laws and constitution of the United States by asserting jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that the Plaintiff apply for and obtain a Category B Assent and will continue to do so unless such asserted jurisdiction is declared to be unlawful, null, void and unenforceable.

**COUNT I**

19. Plaintiff repeats the allegations set forth in paragraphs 1 through 18 above.

20. Defendants' threatened application and assertion of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that Plaintiff apply for and obtain a Category B Assent is in direct conflict with and is preempted by the NGA, the recodified NGPSA and FERC regulations.

**COUNT II**

21. Plaintiff repeats the allegations set forth in paragraphs 1 through 20 above.

22. Defendants' threatened application and assertion of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that Plaintiff apply for and obtain a Category B Assent acts as an obstacle to the realization of Congressional objectives as set forth in the NGA, the FERC regulations, and the recodified NGPSA in violation of the Supremacy Clause of the United States Constitution.

**COUNT III**

23. Plaintiff repeats the allegations set forth in paragraphs 1 through 22 above.

24. Defendants' threatened application and assertion of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that Plaintiff apply for and obtain a Category B Assent purports to regulate in an area where Congress, pursuant to the NGA, the recodified NGPSA and FERC regulations, has occupied the field to the exclusion of state regulation and, as such, is preempted.

**COUNT IV**

25. Plaintiff repeats the allegations set forth in paragraphs 1 through 24 above.

26. Defendant's threatened application and assertion of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the

requirement that Plaintiff apply for and obtain a Category B Assent purports to regulate matters that are within the scope of the comprehensive regulatory scheme established by Congress under the NGA and recodified NGPSA. Thus, such assertion and threatened application would purport to give Defendants the right to regulate matters that are comprehensively and exclusively regulated by FERC and DOT, in violation of the Supremacy Clause of the United States Constitution.

**COUNT V**

27. Plaintiff repeats the allegations set forth in paragraphs 1 through 26 above.

28. Defendant's assertion and threatened application of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that Plaintiff apply for and obtain a Category B Assent constitutes an illegal attempt to regulate facilities used for the transportation of natural gas in interstate and foreign commerce, in violation of the Commerce Clause of the United States Constitution. Such regulation is reserved exclusively to FERC and to the DOT.

29. Defendant's assertion and threatened application of subject matter jurisdiction over the Project under the State Coastal Resources Management Program with respect to the requirement that Plaintiff apply for and obtain a Category B Assent constitutes an attempt to veto or circumvent FERC regulations and FERC proceedings pertaining to the transportation of gas in interstate and foreign commerce. Furthermore, the Defendants by their actions are attempting to regulate matters that are comprehensively and exclusively regulated by FERC in such a manner as to prohibit and thus substantially (i) interfere with the interstate and foreign transportation of natural gas in interstate commerce, and (ii) increase the cost and expense thereof. Therefore, the

**AFFIDAVIT**

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

I, William T. Orr, being first duly sworn I make affidavit and say:

1. I am President of KeySpan LNG, L.P.
2. I have personal knowledge of the allegations set forth in the Verified Complaint and such allegations are true except for those allegations made on information and belief, and such allegations are true to the best of my information and belief.

William T. Orr

Subscribed and sworn to before me this 24th day of February, 2005.

Notary Public: Michele Chouette
My commission expires: 8/30/05

# 2647079_v1