Holland+Knight

Tel 401 751 8500
Fax 401 553 6850

Holland & Knight LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
www.hklaw.com

Gregory L Benik, Esq.
401 824 5104
greg.benik@hklaw.com

December 1, 2004

RECEIVED
DEC 0 1 2004

**VIA MESSENGER**

Grover Fugate
Executive Director
R.I. Coastal Resource Management Council
Oliver H. Steadman Government Center
4808 Tower Hill Road, Suite 3
Wakefield, RI 02879-1900

Re: KeySpan LNG, L.P.
- Withdrawal of Application for Category B Assent
- Coastal Zone Management Act Federal Consistency Determination

Dear Mr. Fugate:

As you know, on August 20, 2004, KeySpan LNG, L.P. ("KeySpan LNG"), pursuant to Section 307 of the Coastal Zone Management Act ("CZMA"), 16 U.S.C. Section 1456, and The Rhode Island Coastal Resources Management Act, R.I. Gen. Laws § 46-23-1 et. seq., submitted to the CRMC an Application for Category B Assent to upgrade its liquefied natural gas terminal in Providence, Rhode Island (the "Project"). Since that time, we have carefully evaluated the nature of CRMC's jurisdiction over the Project. Based upon that legal analysis, we have concluded that because the Project is within the exclusive jurisdiction of the Federal Energy Regulatory Commission ("FERC") under Section 3 of the Natural Gas Act, 15 U.S.C. § 717b(a), and applicable FERC regulations,[1] the CRMC's jurisdiction over the Project is limited to a determination of federal consistency under the CZMA and a separate Category B Assent is not required. Accordingly, KeySpan LNG hereby withdraws its Application for Category B Assent.

In addition, pursuant to Section 307(c)(3)(A) of the CZMA, 15 C.F.R Part 930 Subpart D, and Section 400 of the Rhode Island Coastal Resources Management Plan (the "CRMP"), KeySpan

[1] As stated in the report accompanying the FY 2005 omnibus appropriations bill, the "Natural Gas Act clearly preempts States on matters of approving and siting natural gas infrastructure associated with interstate and foreign commerce. These facilities need one clear process for review, approval and siting decisions.... Any dispute of LNG siting jurisdictional authority will be counterproductive to meeting our natural gas needs in the future." Congressional Record, November 19, 2004, at H10560.

LNG submits the following information in accordance with Section 400.2(C) of the CRMP and certifies that the Project complies with, and will be conducted in the manner consistent with, the CRMP: KeySpan LNG understands that the refiling of its request for a determination of federal consistency will restart the time period for CRMC review of its application as of December 31, 2004 which is three and a half months after KLNG's initial filing.

1. Four copies of the Federal Coastal Zone Consistency Certification submitted to FERC by KeySpan LNG on November 30, 2004, pursuant to 15 C.F.R. Section 930.57(b) and Section 400.2(C)(1) of the CRMP;

2. Four copies of the Application of KeySpan LNG, L.P. to FERC, dated April 30, 2004, for authorization of a liquefied natural gas terminal (the "FERC Application"). The FERC Application consists of the following volumes:

   – Volume I Transmittal Letter, Application, Form of Notice, and Exhibits (with the exception of Exhibit F) – Public Volume

   – Volume II-A Exhibit F- Public Volume

   – Volume II-B Exhibit F (continued) – Public Volume

   – Volume II-C Exhibit F (continued) – Public Volume

   – Volume III Non-Internet Public Volume

   – Volume IV Critical Energy Infrastructure Information Volume

3. Four copies of the Rhode Island Coastal Resources Management Plan Consistency Certification for KeySpan LNG, L.P. plant upgrade Providence, Rhode Island, November 2004.

4. One copy of the U.S. Army Corps of Engineers Application for KeySpan LNG, L.P. Plant Upgrade, submitted on August 20, 2004, consisting of Volumes I, II-A, II-B, II-C, and III (the "ACOE Application").

   Please note that Volume III of the FERC Application was submitted to FERC as non-internet public the disclosure of which is governed pursuant to 18 C.F.R. Section 388.112. In addition, Volume IV of the FERC Application and Volume III of the ACOE Application contain Critical Energy Infrastructure Information, the disclosure of which is governed by R.I. Gen. Laws §§ 38-2-2(1)(A)(II)(B),(F), and (S) and applicable federal law. As such, these Volumes are marked "Contains Critical Energy Infrastructure Information – Do Not Release" and should not be disclosed unless the person receiving such information executes an appropriate Non-Disclosure Agreement.

CRMC regulations do not specify the application fee required in connection with a CZMA federal consistency determination. Therefore, KeySpan LNG requests that the previously submitted check in the amount of $5,000.00 be credited against the ultimately determined application fee in this proceeding. I understand that the CRMC will advise me when it determines the appropriate application fee.

As detailed in our submission, local zoning and building codes are preempted by federal law See, National Fuel Gas Supply Corp. v. Public Service Commission of New York, 894 F. 2d 571(2nd Cir. 1990); Algonquin LNG v. Loqa, 79 F. Supp. 2d 49 (D. R.I. 2000). Accordingly, a letter from the local building official is not included.

I also enclose a copies of the ground lease from Providence Gas Company to Algonquin LNG, Inc. (now KeySpan LNG) that confirms KeySpan LNG's ownership of the existing facilities and authority to implement the improvements to the existing facilities proposed in the FERC Application.

Finally, I enclose a copy of this letter for date-stamping, to be returned by my messenger.

If you have any questions, do not hesitate to contact me. We look forward to working with you and your staff on this project.

Kind regards.

Sincerely yours,

HOLLAND & KNIGHT LLP

Gregory L. Benik, Esq.

GLB: mc

Cc: w/out enclosures
William T. Orr
Brian Goldman, Esq.
Michael M. Tikoian
Stephen D. DiLorenzo

# 2424452_v2