UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEYSPAN LNG, L.P., PLAINTIFF, v. THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council, DEFENDANTS. | ) | C.A. NO. 05-091-L |

**PLAINTIFF KEYSPAN LNG, L.P.'S OBJECTION TO STATE OF RHODE ISLAND'S <u>MOTION FOR SUBSTITUTION OF PARTY-DEFENDANT</u>**

The Plaintiff, Keyspan LNG, L.P. ("KLNG"), objects to the *State of Rhode Island's Motion for Substitution of Party-Defendant* and in support thereof relies upon the accompanying memorandum of law. Specifically, KLNG objects to the State of Rhode Island's Motion because: (1) the State lacks the procedural authority to make such a motion; (2) the CRMC has the capacity to sue, or be sued, and is an appropriate party for a federal preemption lawsuit concerning a conflict between the regulatory programs of federal and state agencies; and (3) KLNG can bring this lawsuit in federal court under the *Ex parte Young* doctrine because it has sought prospective relief against a state agency and its members in their individual capacities for an ongoing violation of federal law.

10

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500 Telephone
(401) 553-6850 Facsimile

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 18th day of March, 2005.

COUNSEL FOR
THE STATE OF RHODE ISLAND
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael Rubin (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

COUNSEL FOR CRMC

Brian A. Goldman (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

[signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**DEFENDANTS.** | ) | **C.A. NO. 05-091-L** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO STATE OF RHODE ISLAND'S MOTION FOR SUBSTITUTION OF PARTY-DEFENDANT**

## Introduction

Keyspan LNG, L.P. ("KLNG") has sued the Rhode Island Coastal Resources Management Council ("CRMC") and its individual members in their official capacities, seeking a declaratory judgment and injunctive relief establishing that the federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the federal regulations promulgated thereunder preempt the CRMC regulatory program delineated in R.I. Gen. Laws §§ 46-23-1 *et seq.* and the regulations adopted thereunder. KLNG has brought this lawsuit in federal court pursuant to the *Ex parte Young* doctrine, which allows a private citizen to sue individual state officials for

prospective relief concerning ongoing violations of federal law despite the Eleventh Amendment bar of lawsuits by private citizens against states in federal court.

The Attorney General of Rhode Island's (the "Attorney General") motion to substitute the State of Rhode Island for the CRMC is a thinly veiled attempt to reconfigure KLNG's lawsuit in order to construct an Eleventh Amendment defense to the *Ex parte Young* doctrine.[1] There is no procedural authority for the Attorney General to highjack KLNG's lawsuit with such a substitution. Indeed, allowing such a substitution would conflict with the long standing principle that the plaintiff is the master of its complaint. Moreover, the CRMC has the capacity to sue, or be sued, and KLNG's lawsuit against the CRMC and its members in their individual capacities fits squarely within the *Ex parte Young* doctrine, eliminating any potential Eleventh Amendment defense that the Attorney General may be setting up. For these reasons, the Court should deny the Attorney General's motion for substitution of a party-defendant.

## Argument

### A. The Federal Rules Of Civil Procedure Do Not Allow A Non-Party To A Lawsuit To Substitute Itself For An Existing Defendant.

The State of Rhode Island, a non-party to this lawsuit, cannot substitute itself in place of the Defendant CRMC under the Federal Rules of Civil Procedure. In his motion, the Attorney General has failed to cite any authority for his argument to substitute the State of Rhode Island in place of CRMC, and KLNG has found no case law supporting the type of substitution sought in his motion. Indeed, while the Federal Rules of Civil Procedure provide a number of ways for a

---

1 The Attorney General's motion to insert the State of Rhode Island in place of the CRMC operates as a waiver of Rhode Island's immunity under the Eleventh Amendment. *See Gunter v. Atlantic Coast Line Railroad Company*, 200 U.S. 273 (1906) (holding that the Eleventh Amendment privilege was waived after South Carolina sought to substitute itself as the "real party" in a suit initially brought against the state taxing officials); *Clark v. Barnard*, 108 U.S. 436 (1883) (holding that Rhode Island waived its Eleventh Amendment immunity by inserting itself into a federal lawsuit); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 395 (1998) (Kennedy, J., concurring) (citing *Clark* for the proposition that "a State's voluntary intervention in a federal court action to assert its own claim constitute[s] a waiver of the Eleventh Amendment."); *see generally*, Gil Seinfeld, *Waiver-in-Litigation: Eleventh Amendment Immunity and the Voluntariness Question*, 63 Ohio St. L. J. 871, 884-86 (2002).

non-party to become part of a federal lawsuit, there is no rule that allows a non-party to substitute itself for an existing defendant under the circumstances present in the instant case. *See* Fed. R. Civ. P. 17(a) (allowing a defendant to defend against a claim that is not brought "in the name of the real party in interest" with either a motion to dismiss or an affirmative defense); Fed. R. Civ. P. 17(b) (allowing a party to defend against a lawsuit based on another party's incapacity to sue or be sued); Fed. R. Civ P. 19 (allowing a defendant to add an "indispensable" party to the lawsuit); Fed. R. Civ P. 20 (allowing a party to join a non-party to the lawsuit); Fed. R. Civ. P. 24 (allowing a non-party to intervene in the lawsuit as a party when certain conditions are met); Fed. R. Civ. P. 25 (allowing for a substitution of the parties in four specific situations: (1) death, (2) incompentency, (3) transfer of interest, and (4) public officers; death or separation from office).

More important, federal courts long have held that a plaintiff is the master of its complaint, allowing it to sue whomever it wants for whatever claim it deems appropriate, especially when the complaint is drafted to meet the jurisdictional requirements of a particular court. *See, e.g., Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) (Holmes, J.) ("[The] plaintiff is absolute master of what jurisdiction he will appeal to."); *Merril v. Trenn*, 706 A.2d 1305, 1315 (R.I. 1998) (holding that the plaintiff "could have elected to sue only [one potentially liable defendant]" because the "injured plaintiff is lord of his action").[2] Here, because KLNG is the master of its complaint, the Attorney General's attempt to reconfigure the parties in the lawsuit should be denied.

---

[2] For instance, in determining whether federal question jurisdiction has been established, federal courts have utilized the so called "well-pleaded complaint" rule. *See Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003). Under this rule, federal courts will focus exclusively upon the claims asserted on the face of the plaintiff's complaint to determine whether the plaintiff has raised a federal question. *Id.*

**B. CRMC Has The Capacity To Sue, Or Be Sued, And Is An Appropriate Party For A Federal Preemption Lawsuit Concerning A Conflict Between The Regulatory Programs Of Federal And State Agencies.**

Despite the Attorney General's assertion to the contrary, the CRMC has the legal capacity to sue, or be sued, as an entity separate and apart from the State of Rhode Island. Under the enabling legislation creating the CRMC, the Rhode Island General Assembly empowered the CRMC to enforce its regulatory power in court in the name of the CRMC. *See* R.I. Gen. Stat. § 46-23-7.2 ("Proceedings under this section may follow the course of equity, and shall be instituted and prosecuted ***in the name*** of and at the direction of the chairperson [of the CRMC] and council by the attorney general or counsel designated by the council.") (emphasis added). In fact, the Rhode Island Supreme Court has noted, in a case dealing with the scope of the CRMC's quasi-judicial authority, that the "CRMC is unable to exercise its purported judicial powers ***except by resort to the appropriate [state] court.***" *Sartor v. Coastal Resources Management Council*, 542 A.2d 1077, 1080 (R.I. 1988).[3] Thus, both the Rhode Island General Assembly and the Rhode Island Supreme Court have recognized the CRMC's capacity to bring suit on its own to enforce its regulatory powers and duties. Likewise, the CRMC can be sued by private parties. *See, e.g., Ratcliffe v. Coastal Resources Management Council,* 584 A.2d 1107 (1991); *Easton's Point Association, Inc. v. Coastal Resources Management Council,* 559 A.2d 633 (1989); *Sartor v. Coastal Resources Management Council,* 542 A.2d 1077 (1988); *Wellington Hotel Associates v. William M. Miner, Chairman, Coastal Resourced Management Council,* 543 A.2d 656 (1988).

Furthermore, the First Circuit Court of Appeals specifically has held that a state agency is an appropriate party for a preemption lawsuit in federal court concerning a conflict between the

---

3 Moreover, the Rhode Island Supreme Court has held that state agencies have standing to appeal adverse decisions when "a governmental official, agency, commission, or board [is] charged with the responsibility of administering a particular set of rules and regulations . . . ." *Renza v. Murray*, 525 A.2d 53, 56 (R.I. 1987) (holding that the Department of Employment Security had the standing to appeal a judicial decision adverse to an agency's position).

regulatory programs of a state agency and a federal agency. *See Chaulk Services, Inc. v. Massachusetts Commission Against Discrimination*, 70 F.3d 1361 (1st Cir. 1995). In *Chaulk*, the First Circuit held that, although federal courts recognize the necessity to "avoid needless conflict with state agencies," injunctive relief was appropriate against a state agency in cases where the state agency intruded upon a federal agency's exclusive jurisdiction: that is "where Congress, acting within its constitutional authority, has vested a federal agency with exclusive jurisdiction over a subject matter and the intrusion of a state would result in a conflict of functions, the federal court may enjoin the state proceeding in order to preserve the federal right." *Id.* at 1369.

Similar to the *Chaulk* case, KLNG seeks to enjoin a state agency from intruding upon the exclusive jurisdiction of a federal agency, the Federal Energy Regulatory Commission ("FERC"), based on a preemption argument. *See* KLNG's Complaint ¶¶ 20, 22, 24, 26, and 28. There is nothing in the complaint to suggest that this lawsuit deals with anything more than a preemption dispute between a state agency and its members (CRMC) and a federal agency (FERC). In short, because the CRMC has the capacity to sue, or to be sued, and because the First Circuit has deemed it appropriate for preemption disputes between federal and state agencies to be within the jurisdiction of the federal courts, this court should reject the Attorney General's argument that the CRMC does not have the capacity to be a defendant in this lawsuit.

**C. KLNG Can Bring This Lawsuit In Federal Court Under The *Ex Parte Young* Doctrine Because It Has Sought Prospective Relief Against A State Agency And Its Members In Their Official Capacities For An Ongoing Violation Of Federal Law.**

KLNG's lawsuit against the CRMC and its members satisfies the jurisdictional requirements under the *Ex parte Young* doctrine because it seeks prospective relief against individual state officials for ongoing violations of federal law. *See Verizon v. Public Service Commission of MD*, 535 U.S. 635, 645 (2002); *see also Office of the Child Advocate v. Lindgren*,

296 F. Supp. 2d 178, 188 (Lagueux, J.) (D.R.I. 2004) ("The Ex parte Young exception simply stated is that the Eleventh Amendment does not bar a suit for prospective injunctive relief against a named state official for ongoing federal law violations.").[4] In its most recent pronouncement on the *Ex parte Young* doctrine, the United States Supreme Court held that a federal court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. 365, 646. The Supreme Court stated that "the inquiry into whether suit lies under *Ex parte Young* does not include the analysis of the merits of the claim." *Verizon at 646*. Thus, once a "case fits squarely within the Ex parte Young [doctrine]..., the Eleventh Amendment does not provide a ground for vacating [federal jurisdiction]." *Office of the Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 188 (Lagueux, J.) (D.R.I. 2004).

In this case, a straightforward review of KLNG's complaint demonstrates that it is seeking prospective relief against the CRMC and its individual members for an ongoing violation of federal law. *Verizon*, 535 U.S. 635. In particular, KLNG seeks a declaratory judgment and injunctive relief to establish that the comprehensive federal regulatory program administered by FERC pursuant to the NGA and NGPSA preempts the CRMC Category B assent program. Given that these allegations fit squarely within the *Ex parte Young* doctrine, this

---

4 As evident in the various papers filed in response to this lawsuit, the Attorney General has asserted the narrow Eleventh Amendment defense to the *Ex parte Young* doctrine delineated in *Idaho v. Coeur d'Alene*, 521 U.S. 261 (1997), focusing on Justice Kennedy's balancing test. Yet, *Coeur d' Alene* has been narrowed significantly by a more recent Supreme Court decision, leaving *Coeur d' Alene* limited to its particular facts. *Verizon v. Public Service Commission of MD*, 535 U.S. 635, 645 (2002); *Dakota, Minnesota & Railroad Corp. v. State of South Dakota*, 362 F.3d 512, 517 (8th Cir. 2004) ("We are bound to follow *Verizon*," rejecting the "case-by-case analysis that carefully considers whether a state forum is available to vindicate a federal interest."); *Office of the Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 188 (Lagueux, J.) (D.R.I. 2004) (rejecting the defendant's argument based on the "Supreme Court's dictum in *Idaho v. Coeur d' Alene*."). Moreover, the underlying logic applied by Justice Kennedy, who wrote the principal opinion in *Coeur d' Alene*, was not adopted by a majority of justices in *Coeur d' Alene* and was outright rejected five years later in *Verizon*. According to Justice Kennedy, the application of the *Ex parte Young* doctrine should be based on a case-by-case analysis, balancing the interests of the state with the rationale underlying *Ex parte Young*. Under this balancing test, a federal court has to look beyond the issues raised in the plaintiff's complaint to determine and analyze the actual state interest at issue. Given the rejection of this logic in *Verizon*, federal courts will not look beyond the issues raised in the plaintiff's complaint.

Court need not make any further inquiries into the underlying merits of the lawsuit, including any inquiries into whether the State of Rhode Island should be substituted in place of the CRMC for the purposes of a potential Eleventh Amendment defense.

## Conclusion

For the foregoing reasons, KLNG respectfully requests that this Court deny the Attorney General's motion for a substitution of the State of Rhode Island in place of the CRMC.

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500 Telephone
(401) 553-6850 Facsimile

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 18th day of March, 2005.

COUNSEL FOR
THE STATE OF RHODE ISLAND
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael Rubin (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

COUNSEL FOR CRMC

Brian A. Goldman (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

[signature]

# 2687135_v5