**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**DEFENDANTS.** | ) | **C.A. NO. 05-091-L** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO CITY OF EAST PROVIDENCE'S MOTION TO INTERVENE**

## INTRODUCTION

Keyspan LNG, L.P. ("KLNG") has brought suit against the Rhode Island Coastal Resources Management Council, *et al.* (the "CRMC"), seeking a declaratory judgment and injunctive relief establishing that the CRMC's regulatory program[1] is preempted by federal law.[2] This lawsuit arises in connection with KLNG's proposed modification (the "Project") of an

1 The CRMC program is delineated in R.I. Gen. Laws §§ 46-23-1 *et seq.* and the regulations adopted thereunder.

2 The federal laws constitute the following: the federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the federal regulations promulgated thereunder.

existing federally authorized and regulated interstate liquefied natural gas ("LNG") storage tank and related facilities located in the City of Providence (the "Facility").

In this case, the dispositive issue is one of law involving the doctrine of federal preemption. The City of East Providence ("East Providence" or "City") has moved to intervene under Fed. R. Civ. P. 24 ("Rule 24") citing factual issues that are not germane to that legal issue and merely echoing legal arguments that the CRMC has or will have to present. Consequently, East Providence's motion to intervene as a matter of right under Rule 24(a)(2) should be dismissed because it: (1) fails to establish a direct interest in the lawsuit; (2) fails to demonstrate an impairment to protecting its alleged interest, and (3) fails to rebut the presumptions that it is adequately represented by an existing party. Moreover, East Providence's permissive motion under Rule 24(b) also fails because East Providence will not add anything useful or helpful to the resolution of this case and because it would cause unnecessary confusion and interference with the rapid resolution of this case. For these reasons, this Court should deny the East Providence's motion to intervene.

## ARGUMENT

### A. East Providence Cannot Intervene As A Matter Of Right Under Rule 24(a)

To intervene in a federal lawsuit as a matter of right under Rule 24(a)(2), a party must establish four "conjunctive prerequisites: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest." *Public Service Company of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). "An applicant for intervention as of right must run the table and fulfill all four of these preconditions. The failure to satisfy any one

of them dooms the intervention." *Id.* Also, the party seeking the intervention has the burden of proof on each element and has the burden of rebutting any presumptions related to the elements. *United States v. Texas Eastern Transmission Corporation*, 923 F.2d 410, 414 (5th Cir. 1991) ("As the movant, [the intervening party] has the burden of demonstrating its entitlement to intervene.").

In a case similar to the instant action, the United States Court of Appeals for the First Circuit affirmed a district court's decision that barred the intervention of certain ratepayer moving parties (the "Ratepayers") for: (1) failing to establish a direct and non-contingent interest in the lawsuit; (2) failing to demonstrate a practical impairment to protecting their alleged interests; and (3) failing to rebut a presumption that their interests were adequately represented by an existing party. *Public Service Company of New Hampshire v. Patch*, 173 F.R.D. 17, 30 (D.N.H. 1997) (Lagueux, J.), *aff'd*, 136 F.3d 197, 200 (1st Cir. 1998). In *Public Service*, the plaintiffs, three utility companies who supplied electricity to New Hampshire, sued the New Hampshire Public Utilities Commission ("PUC"), seeking a declaratory judgment and injunctive relief to bar the implementation and enforcement of PUC's "final plan" for restructuring New Hampshire's electric utility industry (the "Final Plan"). *Public Service*, 136 F.3d at 202. The plaintiffs argued that the Final Plan, which sought to inject more competition into the industry by opening the market to more utility companies, was unconstitutional based on a "litany of federal preemption claims." *Id.*

In denying the Ratepayers' motions to intervene, the lower court held that the Ratepayers' general interest in lower electricity prices failed to provide an interest sufficient for Rule 24(a)(2) because this interest was indirect and contingent.[3] *Public Service*, 173 F.R.D. 17,

[3] As in the instant case, the timeliness of the motion to intervene in *Public Service* was not disputed.

25 (D.N.H. 1997), *aff'd*, 136 F.3d 197 (1st Cir. 1998).[4] In addition, the lower court noted that the Ratepayers' alleged interest had a "degree of contingency," and that "[s]uch a contingent expectation of lower rates provides, at best, a questionable foundation for intervention as of right." *Id.* at 26. The lower court also denied the Ratepayers' motions under Rule 24(a)(2) because the adjudication of the preemption issue would not impair their ability to protect the alleged economic interest in lower rates in other forums. *Id.* ("[B]ecause [the Ratepayers] would have another forum in which to protect their interest, the [Ratepayers] fall short of the 'practical impairment' requirement of Rule 24(a)(2)."). Finally, the lower court held that the Ratepayers failed to rebut the presumption that the PUC adequately represented its interests given that the Ratepayers and PUC had "the same ultimate goal in this case: upholding and defending the legal validity of the Final Plan." *Id.*

On appeal, the First Circuit rejected the Ratepayers' claim that they had an interest in the lawsuit based on a general economic interest in lower electricity rates, noting that the interest sufficient for intervention purposes had to be "a significant protectable interest, that is direct, not contingent." *Public Service*, 136 F.3d at 205. Specifically, the court held:

> It is settled beyond peradventure, however, that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right. (citations omitted). That principle is dispositive here for the [intervenors'] theory of economic interest operates at too high a level of generality.

*Id.* The First Circuit held that a contingent interest would not suffice for intervention, stating that "[t]his is not a case in which ongoing litigation directly threatens an economic right or benefit presently enjoyed by any would be intervenor. It is, rather, a case in which these would-be-

---

[4] The lower court in *Public Service* granted the motions to intervene for the three utility companies because the Final Plan directly affected the utility companies. While the direct effect of the Final Plan would be to "dictate [ ] how [utility companies] must structure their operations for the future, and set [ ] forth the [PUC's] duties in regulating the industry," the effect on electricity prices paid by Ratepayers "would be the indirect, secondary effects of the Final Plan." *Public Service, 173 F.R.D. at* 25. Moreover, the utility companies were not adequately represented because the other parties were direct competitors.

intervenors root their professed economic interest in an as yet unrealized expectancy of lower electric rates." *Id.* at 205-06.

As with the intervenors on appeal in *Public Service,* East Providence cannot establish a sufficiently direct interest in this lawsuit because its interest is a generalized one based on the secondary effects that this lawsuit may, or may not, have on East Providence's economic interests, and its ability to protect those interests will not be affected by the disposition of this action. Specifically, East Providence asserts that it has a "vested interest or stake in said project because it is to be [an] affected community" and because it "is being asked and/or required to share in the safety and security costs" associated with the Project. (East Providence ["EP"] Memo at 8.) It also asserts that it has a "necessary vested interest or stake in any contingency or criteria related to the approval" of the Project by virtue of the Project's "impacts upon the City relative to the WSDD and/or the City's finances." (*Id.* at 9.) While East Providence may have the claimed interests, they are not the subject of this lawsuit – the single subject of this action is whether a state regulatory program is preempted as applied to KLNG's Project. This lawsuit is not about whether the CRMC has jurisdiction over the Project,[5] whether the Project should be built, what contingencies or criteria will be imposed on the Project if approved, what its impacts will be, or whether East Providence will incur costs as a result of the Project. All of these issues (except the question of whether the CRMC has jurisdiction over the Project under state law) are being directly addressed in ongoing administrative proceedings before the FERC and the CRMC. In those proceedings, East Providence has moved to intervene without any objections from KLNG. It is in those proceedings that East Providence has an interest and in which that interest

[5] While this case challenges the ability of the CRMC to apply a particular state law regulatory program to the KLNG Project, it does not challenge the fact that the CRMC has jurisdiction to review, condition and approve or reject the Project under federal law. As noted, the City has intervened in the proceeding in which the CRMC will undertake that substantive review process.

can be protected. By contrast, East Providence's ability to protect its interest or stake in the Project will not be impaired or impeded by the disposition of this instant action.[6]

Furthermore, East Providence's motion to intervene fails because it cannot rebut the presumption of adequate representation of its interests. As in *Public Service* where the First Circuit held that the Ratepayers had to "rebut the presumption that the [governmental body] adequately represents their interests" because "the burden of persuasion is ratcheted upward [when]. . . the [PUC] commissioners are defending the [Final] Plan in their capacity as members of a representative governmental body," East Providence fails to set forth any arguments that CRMC is not adequately representing its interests on the preemption claim. *Id.* "The rebuttal requires 'a strong affirmative showing' that the agency (or its members) is not fairly representing the applicant's interests." *Id.* at 207.[7] More important, the First Circuit asserted that this presumption "weighs heavily in favor of denying mandatory intervention" when the governmental agency has "launched a full-scale, uncompromising defense." *Id.* at 208.[8] Indeed, the First Circuit held that there is a presumption of adequate representation when the intervenor

---

6 While the Ratepayers in *Public Service* argued on appeal that "their prior (and anticipated) participation in the PUC's administrative proceedings itself furnishes an independent basis for intervention," the First Circuit rejected this argument, holding that this claim constituted neither a "protectable interest," nor a "practical impairment" threatening the protection of this alleged interest. *Public Service,* 136 F.3d. at 205. The court stated: "adjudication of the plaintiff's [preemption] claims will not place the district court in the position of having to rebalance competing policy views anent electric utility industry restructuring or otherwise to co-opt the administrative proceedings in which the [Ratepayers] appeared. . . . [the Ratepayers] heretofore have taken full advantage of their right to participate in the PUC's proceedings, and their role in any future administrative decision making process is not in jeopardy." *Id.* at 206-07. As noted above, East Providence has intervened in the CRMC and FERC proceedings and, indeed, its intervention in such proceedings was not objected to by KLNG.

7 The governmental presumption arises regardless of whether the intervenor is, or is not, a constituent of the governmental body at issue because the court is merely evaluating whether the particular interest at issue is itself adequately represented. *Massachusetts Food Ass'n v. Massachusetts Alcoholic Bevs. Control*, 197 F.3d 560, 567 (1st Cir. 1999) ("[C]ourts have been quite ready to presume that a government defendant will 'adequately represent' the interests of all private defenders of the statute or regulation unless there is a showing to the contrary."). It does not matter whether the motives for representation overlap or whether the intervenor objects to the legal substance of the representation. *Massachusetts Food Ass'n v. Massachusetts Alcoholic Bevs. Control*, 197 F.3d 560, 567 (1st Cir. 1999) (holding that additional legal arguments were not sufficient to establish inadequate representation).

8 *See also Massachusetts Food Ass'n v. Massachusetts Alcoholic Bevs. Control*, 197 F.3d 560, 567 (1st Cir. 1999) (affirming lower court's decision to deny intervention based, in part, upon the fact that "there was no doubt that the Commonwealth was zealously interested in upholding the validity of the statute.").

has the "same objective" as an existing party. *Id.* ("This symmetry of interest among the [intervenors] and the PUC Commissioners ensured adequate representation."). *See also Moosehead Sanitary Dist. v. S.G. Phillip Corp.*, 610 F.2d 49, 54 (1st Cir. 1979) ("Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation.").[9]

Quite simply, East Providence has the same objective in this case that CRMC already is defending and, therefore, cannot establish inadequate representation. Thus, because East Providence's interests are generalized and because its interests are represented adequately by CRMC with which it has the same objectives, its motion to intervene under Fed. R. Civ. P. 24(a) should be denied.

**B. <u>East Providence Cannot Establish A Permissive Intervention Under Rule 24(b)</u>**

For the same reasons it cannot demonstrate a right of intervention under Rule 24(a), East Providence cannot establish a right of permissive intervention under Rule 24(b). To establish a right of permissive intervention, a movant must demonstrate that its claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b). As shown above, there is no such commonality here. East Providence claims an interest based on the factual assertions that it will be impacted by the Project, if built, not on the question of law presented by this case. Indeed, the basis for its assertion of commonality is simply incorrect – the "underlying matter" is not the Project, but the question of the preemptive effect of federal law. Moreover,

---

9 To overcome the presumption, the petitioner ordinarily must demonstrate adversity of interest, collusion, or nonfeasance. *Moosehead Sanitary Dist. v. S.G. Phillip Corp.*, 610 F.2d 49, 54 (1st Cir 1979); *but see Daggett v. Commission on Governmental Ethics and Election Practices*, 172 F.3d 104, 111-12 (1st Cir. 1999) (noting that this "trilogy--adversity of interest, collusion or nonfeasance"--is not intend[ed]. . . to be an exclusive list," but rather a listing of potential circumstances establishing a proper rebuttal). To rebut either presumption—whether based on the governmental body acting on behalf of its constituents or the intervenor having the same objective as an existing party—"the burden of overcoming the presumption is upon the would-be-intervenor." *Massachusetts Food Ass'n v. Massachusetts Alcoholic Bevs. Control*, 197 F.3d 560, 567 (1st Cir. 1999). East Providence has not and cannot rebut the presumption of adequate representation.

given that East Providence is unable to set forth any facts to rebut the presumption that CRMC adequately represents its interests, it fails to establish a right of permissive intervention under Rule 24(b). "When intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears." *Menominee Indian Tribe of Wisconsin v. Thompson*, 164 F.R.D. 672, 676 (W.D. Wis. 1996).

Moreover, East Providence's presence in the instant suit will not add anything useful or helpful in resolving the legal issue before the Court. "In deciding on a motion for permissive intervention, a court will consider whether the applicant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues or, alternatively, is likely to be counterproductive." 6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE ¶ 24.10 (3d ed. 1999) (quoting *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)). The myriad of factual arguments that East Providence presents – many of which are simply wrong - demonstrate that East Providence's presence in the instant case would not be helpful or useful on issues of law regarding federal preemption. The factual issues East Providence raises simply are not relevant to the instant case, but, as noted above, are being directly addressed in the FERC and CRMC administrative proceedings. As noted, East Providence has intervened in the CRMC and FERC administrative proceedings to which KLNG did not object. Furthermore, intervention will be denied if the movant will not add any unique contribution to the trial. *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185 (5th Cir. 1989). Here, East Providence is not in the position to add anything more than CRMC can to the issue of preemption and, thus, this Court should deny East Providence's motion.

Finally, East Providence's intervention would cause unnecessary confusion and interfere with a rapid resolution of this matter. *See, e.g., Dillard v. City of Foley*, 926 F. Supp. 1053, 1062 (M.D. Ala. 1995) (court denied permissive intervention where grant of intervention "would clearly interfere with its rapid disposition"). Indeed, East Providence's memorandum in support of its motion makes a number of misstatements, forcing KLNG to address these issues in order to avoid any unintentional admissions.[10] Accordingly, the Court should deny East Providence's motion to intervene under Rule 24(b).

## CONCLUSION

For the foregoing reasons, KLNG respectfully requests that this Court deny East Providence's motion to intervene.

---

10 For example, East Providence has made the following misstatements: (1) KeySpan filed "to abandon its existing liquefied natural gas ("LNG") facilities" (EP Memo. at 2). To the contrary, KLNG sought authorization to abandon an existing barge unloading line, but there is no proposal to abandon the bulk of the facilities, such as storage tank and vaporization facilities; and (2) "As of this date, KeySpan has never amended or modified its original April 2004 filing with FERC." *Id.* at 2. Indeed, KLNG has modified and/or supplemented its FERC filing on many occasions since the April 2004 filing. With respect to the specific assertion that KLNG has not modified its statement that a Category B Assent was required, KLNG filed a detailed letter on November 30, 2004, that explained that a Category B Assent was not in fact required. That November 30 letter was served on all parties and was also included in the filing of the CZMA application with the CRMC on December 1, 2004.

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500 Telephone
(401) 553-6850 Facsimile

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 21st day of March, 2005.

COUNSEL FOR
THE STATE OF RHODE ISLAND
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael Rubin (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

COUNSEL FOR CRMC

Brian A. Goldman (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

[signature]

# 2701484_v4

**CERTIFICATE OF SERVICE**
**TO THE PROPOSED INTERVENORS**

I, the undersigned, hereby certify that a copy of the foregoing was hand-delivered to following on this 22nd day of March, 2005.

COUNSEL FOR
CITY OF EAST PROVIDENCE

W. Mark Russo (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

[signature]

**CERTIFICATE OF SERVICE**
**TO THE PROPOSED INTERVENORS**

I, the undersigned, hereby certify that a copy of the foregoing was hand-delivered to following on this 22nd day of March, 2005.

COUNSEL FOR
CITY OF EAST PROVIDENCE

W. Mark Russo (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

[signature]