UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEYSPAN LNG, L.P.,
Plaintiff

vs. C.A. No.: 05-091 L

THE RHODE ISLAND COASTAL
RESOURCES MANAGEMENT COUNCIL
Defendant

CITY OF WARWICK'S MOTION TO INTERVENE

Now comes the City of Warwick (hereinafter "Warwick"), a party with a direct, substantial and legally protectable interest in the above-referenced proceedings, by and through counsel, and hereby moves pursuant to Rule 24 of the Federal Rules of Civil Procedure for an order permitting or allowing Warwick's intervention. The reasons and authority to justify Warwick's motion are attached hereto in the accompanying memorandum in support of the motion to intervene.

Respectfully Submitted,
CITY OF WARWICK
By Their Attorney,

Peter D. Ruggiero (#5733)
Assistant City Solicitor
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, Rhode Island 02886
(401) 737-8700 (tel)
(401) 737-0735 (fax)

March 29, 2005

19

CERTIFICATION

I, the undersigned, do hereby certify that on the 29 day of March 2005, I served a true and accurate copy of the foregoing via U.S. mail, first class, postage prepaid upon the following persons:

Gregory L. Benik
HOLLAND & KNIGHT, LLP
One Financial Center, Suite 1800
Providence, Rhode Island 02903

Michael Rubin
RI Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903

Maryann Leonardi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEYSPAN LNG, L.P.,<br>Plaintiff<br><br>vs.<br><br>THE RHODE ISLAND COASTAL<br>RESOURCES MANAGEMENT COUNCIL<br>Defendant | C.A. No.: 05-091 L |

<u>WARWICK'S LEGAL MEMORANDUM</u>
<u>IN SUPPORT OF ITS MOTION TO INTERVENE</u>

I. ISSUE PRESENTED

Whether the City of Warwick is justified to intervene as of right in the above-captioned proceeding, pursuant to Rule 24 (a)(2) of the Federal Rules of Civil Procedure?

II. FACTS

Now comes the City of Warwick (hereinafter "Warwick"), which asserts that they have a direct, substantial and legally protectable interest in the above-captioned proceedings. By and through counsel, Warwick hereby moves pursuant to Rule 24 of the Federal Rules of Civil Procedure for an order granting Warwick's motion to intervene. This legal memorandum is offered in support of Warwick's motion to intervene.

Keyspan LNG, LP (hereinafter "Keyspan") seeks a declaratory judgment and injunctive relief from this Court with respect to the assertion and threatened application by the Rhode Island Coastal Resources Management Council (hereinafter the "CRMC") of a state regulatory program with respect to proposed modifications to an existing liquefied natural gas (hereinafter "LNG") storage tank and related facilities located at 121 Terminal Road in the City of Providence (hereinafter the "Facility"). Keyspan proposes

to replace the existing LNG barge unloading facilities by installing a new ship berth in the Providence River and installing additional boil-off compression and condensing systems, LNG pumps, and direct-fired LNG vaporizers at the Facility (hereinafter the "Project").[1] By way of written correspondence dated January 31, 2005, the CRMC informed Keyspan that the Project is subject to a federal consistency determination and compliance with a Category B Assent process. The issuance of the CRMC determination led to the filing of these proceedings.

On February 25, 2005, the Department of the Attorney General issued written correspondence addressed to the Mayor of Warwick providing specific information relative to the public health, safety and welfare impacts the Project would exert upon Warwick citizens, businesses and visitors. Accompanying the correspondence was an illustration showing the extent a breach of an LNG tanker traveling along Narragansett Bay would have on adjacent land areas.[2] A substantial portion of Warwick's coastline would be affected by any breach during an LNG delivery to the Facility. Furthermore, significant health, economic, safety and welfare related impacts will occur every time an LNG tanker travels Narragansett Bay as the federal shipping channel must be closed and other boating within certain proximity to the tanker must cease. Shore related restraints must also occur during the LNG tanker traveling the shipping channel. While Keyspan asserts that its Project is in the public interest[3], the City of Warwick challenges that assertion and seeks to intervene in these proceedings so that its interests are adequately

[1] Verified Complaint filed by Keyspan LNG, L.P., dated February 24, 2005, assigned C.A. No.: 05-091 L. See also Application of Keyspan LNG, L.P. For Authorization of an LNG Terminal, Docket No. CP04- - 000, filed on April 30, 2004 with the Federal Energy Regulatory Commission (hereinafter "FERC Application").
[2] See Exhibit 1.
[3] See FERC Application.

represented in the Court's determination as to whether the FERC has pre-empted CRMC from reviewing LNG tanker deliveries to the Project pursuant to the Coastal Zone Management Act and related state regulatory authority.

III. ARGUMENTS

Rule 24 of the Federal Rules of Civil Procedure allows for intervention in proceedings as a matter of right or by permission. A party that desires to intervene in a civil action under Rule 24(a)(2), must satisfy a four (4) prong test: "(1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest". Public Service Company of New Hampshire v. Patch, 136 F. 3d 197, 204 (1st Cir. 1998)(citing Conservation Law Found. v. Mosbacher, 966 F. 2d 39, 41 (1st Cir. 1992)). The First Circuit has emphasized that "there is no precise and authoritative definition of the interest required to sustain a right to intervene,[only] that the intervenor's claims must be a 'sufficiently close relationship' to the dispute between the original litigants and that the interest must be direct…." Conservation Law Found. at 42. Additionally, an intervenor need only show that the existing representation may be inadequate, not that it is inadequate. Id. at 44(emphasis added).

Here, Warwick has filed a timely application for intervention since the proceedings are only at the Status Conference stage of review. Warwick has also demonstrated that, on behalf of its residents, businesses and visitors, that the City has a substantial, direct and protectable legal interest in whether the LNG tanker delivery

aspect of the Project is subject to CRMC regulatory review under the federal Coastal Zone Management Act. Warwick's interest is direct and not contingent. The City's public welfare is threatened by LNG tanker traffic on the Narragansett shipping channel. Much of the affected shoreline property is publicly owned and extensively used by the public. For example, Conimicut Point supports a public bathing, fishing and picnic area heavily used by the public during seasonable weather. Other areas known as Bayside, Longmeadow and Gaspee provide similar opportunities for the public to access, recreate in and appreciate Narragansett Bay. All such public activity would be curtailed and impaired during an LNG tanker delivery on the shipping channel. Likewise, substantial private property along Narragansett Bay would be impaired similarly by LNG tanker deliveries on Narragansett Bay. No mention of the costs to train, police and respond to LNG tanker deliveries or upsets is mention in Keyspan's FERC application. All this is left to the imagination and, most likely, Warwick taxpayers pockets. Lastly, while the CRMC may want the LNG tanker deliveries to the Project subject to review under their regulatory program, the City cannot rely on the CRMC to represent its interests, which are materially and substantially different. Accordingly, Warwick meets all four (4) prongs of the test for intervention by right. As such, the Court must grant leave for Warwick to intervene in these proceedings.

## IV. CONCLUSIONS

Warwick has shown that a timely application for intervention was filed, demonstrated a cognizable interest relating to the proceedings that forms the basis of the ongoing action, made a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect their interest; and a

satisfactory showing that existing parties inadequately represent their interests in the proceedings. Accordingly, Warwick respectfully submits that it be permitted or allowed to intervene in the above-entitled proceeding or granted relief as the Court otherwise deems just..

Respectfully Submitted,
CITY OF WARWICK
By Their Attorney,

Peter D. Ruggiero (#5733)
Assistant City Solicitor
RUGGIERO, ORTON & BROCHU
20 Centerville Road
Warwick, Rhode Island 02886
(401) 737-8700 (tel)
(401) 737-0735 (fax)

March 29, 2005

## CERTIFICATION

I, the undersigned, do hereby certify that on the 29 day of March 2005, I served a true and accurate copy of the foregoing via U.S. mail, first class, postage prepaid upon the following persons:

Gregory L. Benik
HOLLAND & KNIGHT, LLP
One Financial Center, Suite 1800
Providence, Rhode Island 02903

Michael Rubin
RI Department of Attorney General
150 South Main Street
Providence, Rhode Island 02903

Mary Ann Leonardo