**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**DEFENDANTS.** | ) | **C.A. NO. 05-091-S** |

**ANSWER TO STATE OF RHODE ISLAND'S COUNTERCLAIM TO PRESERVE ELEVENTH AMENDMENT RIGHTS**

Plaintiff, Keyspan LNG, L.P. (hereinafter "KLNG"), herein answers the Defendants' Counterclaim to Preserve Eleventh Amendment Rights as follows[1]:

41. KLNG admits the allegations contained in Paragraph 41 of Defendants' Counterclaim.

42. KLNG admits that Patrick C. Lynch filed an Answer on behalf of the Defendants named in KLNG's Complaint and that Patrick C. Lynch is the chief law enforcement officer of

[1] The Counterclaim is characterized as "State of Rhode Island's Counter-Claim." The State of Rhode Island is not a defendant in this action and, as such, the "State of Rhode Island" has no standing or authority to assert or state a counterclaim against KLNG in this proceeding. Because the Counterclaim also refers to "Defendants", KLNG answers the same and raises the affirmative defense that the State of Rhode Island is not a party to the action.

21

the State of Rhode Island. With respect to the remaining allegations of this paragraph, KLNG neither admits nor denies them, but leaves Defendants to their proof thereof.

43. Plaintiff denies that KLNG's principal place of business is 121 Terminal Road, Providence, RI. Plaintiff admits the remaining allegations contained in Paragraph 43 of Defendants' Counterclaim. In further response, KLNG's principal place of business is located at 30 Kennedy Plaza, Providence, RI.

44. Paragraph 44 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

45. KLNG admits that it proposes modifications to an existing federally authorized and regulated interstate liquefied natural gas storage tank and related facilities located at 121 Terminal Road in the City of Providence but denies the remaining allegations contained in Paragraph 45 of Defendants' Counterclaim.

46. KLNG admits that its proposal includes installing a new ship berth in the Providence River but denies the remaining allegations contained in Paragraph 46 of Defendants' Counterclaim.

47. KLNG admits that a new ship berth is proposed to be located below the mean-high-tide-line but denies the remaining allegations contained in Paragraph 47 of Defendants' Counterclaim.

48. KLNG admits the allegations contained in Paragraph 48 of Defendants' Counterclaim.

49. KLNG admits the allegations contained in Paragraph 49 of Defendants' Counterclaim.

50. KLNG admits the allegations contained in Paragraph 50 of Defendants' Counterclaim.

51. KLNG admits the allegations contained in Paragraph 51 of Defendants' Counterclaim.

52. KLNG admits the allegations contained in Paragraph 52 of Defendants' Counterclaim.

53. KLNG admits the allegations contained in Paragraph 53 of Defendants' Counterclaim.

54. KLNG admits the allegations contained in Paragraph 54 of Defendants' Counterclaim.

55. KLNG states the document referenced in Paragraph 55 of Defendants' Counterclaim speaks for itself. To the extent that it differs, KLNG denies those allegations. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004.

56. KLNG admits the allegations contained in Paragraph 56 of Defendants' Counterclaim. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004.

57. KLNG admits the allegations contained in Paragraph 57 of Defendants' Counterclaim. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004.

58. KLNG admits the allegations contained in Paragraph 58 of Defendants' Counterclaim. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004

59. KLNG admits the allegations contained in Paragraph 59 of Defendants' Counterclaim. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004

60. Paragraph 60 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

61. As to Paragraph 61 of Defendants' Counterclaim, KLNG admits that on August 20, 2004, it submitted an application for a Category B Assent pursuant to R.I. Gen. Laws §46-23-1 *et seq*. In further response, KLNG states that the application for Category B Assent was withdrawn on December 1, 2004.

62. KLNG admits that it proposes modifications to an existing federally authorized and regulated interstate liquefied natural gas storage tank and related facilities located at 121 Terminal Road in the City of Providence but denies the remaining allegations contained in Paragraph 62 of Defendants' Counterclaim.

63. KLNG states the letter referenced in Paragraph 63 of Defendants' Counterclaim speaks for itself. To the extent that it differs, KLNG denies those allegations.

64. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 64 of Defendants' Counterclaim and, therefore, leaves the Defendants to their proof thereof.

65. KLNG states as to the letter referenced in Paragraph 65 of Defendants' Counterclaim, said document speaks for itself. To the extent that it differs, KLNG denies those allegations.

66. KLNG admit the allegations contained in Paragraph 66 of Defendants' Counterclaim.

67. KLNG admits the allegations contained in Paragraph 67 of Defendants' Counterclaim.

68. KLNG admits the allegations contained in Paragraph 68 of Defendants' Counterclaim.

69. KLNG denies the allegations contained in Paragraph 69 of Defendants' Counterclaim.

70. KLNG states that the letter referenced in Paragraph 70 of Defendants' Counterclaim speaks for itself. To the extent a response is required, KLNG denies those allegations.

71. KLNG admits that subsequent to August 20, 2004, KLNG and CRMC had discussions regarding the procedures that the project should follow. KLNG denies the remaining allegations contained in Paragraph 71 of Defendants' Counterclaim.

72. KLNG admits that subsequent to August 20, 2004, KLNG and CRMC had discussions regarding the procedures that the project should follow. KLNG denies the remaining allegations contained in Paragraph 72 of Defendants' Counterclaim.

73. KLNG denies the allegations contained in Paragraph 73 of Defendants' Counterclaim.

74. KLNG denies the allegations contained in Paragraph 74 of Defendants' Counterclaim.

75. Paragraph 75 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

76. KLNG denies the allegations contained in Paragraph 76 of Defendants' Counterclaim.

77. KLNG denies the allegations contained in Paragraph 77 of Defendants' Counterclaim.

78. Paragraph 78 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

79. Paragraph 79 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

80. Paragraph 80 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

81. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 81 of Defendants' Counterclaim and, therefore, leaves the Defendant to their proof thereof. To the extent a response is required, KLNG denies those allegations.

82. KLNG states that the letter referenced in Paragraph 82 of Defendants' Counterclaim speaks for itself. To the extent that it differs, KLNG denies those allegations.

83. KLNG states that the letter referenced in Paragraph 83 of Defendants' Counterclaim speaks for itself. To the extent that it differs, KLNG denies those allegations.

84. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 84 of Defendants' Counterclaim and, therefore, leaves the Defendants to their proof thereof. To the extent a response is required, KLNG denies those allegations.

85. Paragraph 85 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

86. KLNG admits the allegations contained in Paragraph 86 of Defendants' Counterclaim.

87. KLNG admits the allegations contained in Paragraph 87 of Defendants' Counterclaim.

88. As to Paragraph 88 of Defendants' Counterclaim, KLNG admits that it sent a letter to CRMC on February 16, 2005 and that the letter speaks for itself. To the extent that it differs, KLNG denies those allegations.

89. Paragraph 89 of Defendants' Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

90. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 90 of Defendants' Counterclaim and, therefore, leaves the Defendants to their proof thereof.

91. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 91 of Defendants' Counterclaim and, therefore, leaves the Defendants to their proof thereof.

92. KLNG denies the allegations contained in Paragraph 92 of Defendants' Counterclaim.

WHEREFORE, KLNG prays:

1. That judgment enter in its behalf on all counts of its Complaint; and

2. That it be awarded such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The State of Rhode Island is not a party to this proceeding and, as such, has no standing or authority to assert a Counterclaim.

SECOND AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

Defendants, by their actions, have waived any claims against KLNG.

FOURTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrine of federal preemption.

FIFTH AFFIRMATIVE DEFENSE

Each purported claim of the Counterclaim as applied to KLNG is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate commerce in violation of the Commerce Clause of the United States Constitution.

SIXTH AFFIRMATIVE DEFENSE

KLNG states that to the extent it had any obligations to Defendants, such obligations have been fully, properly and completely performed in all respects.

SEVENTH AFFIRMATIVE DEFENSE

The Defendants do not have an Eleventh Amendment defense or Sovereign Immunity.

EIGHTH AFFIRMATIVE DEFENSE

KLNG intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its answer to assert such defenses.

KeySpan LNG, L.P.
By its Attorneys,

______________________________
Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 28th day of March, 2005.

COUNSEL FOR
THE STATE OF RHODE ISLAND
PATRICK C. LYNCH
ATTORNEY GENERAL

Michael Rubin (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

COUNSEL FOR CRMC

Brian A. Goldman (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

COUNSEL FOR PROPOSED INTERVENORS
CITY OF EAST PROVIDENCE

W. Mark Russo (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

Michele Charette

# 2713243_v1