**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COCA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**DEFENDANTS.** | ) | **C.A. NO. 05-091-L** |

**PLAINTIFF'S OBJECTION TO THE CITY OF WARWICK'S MOTION TO INTERVENE**

Keyspan LNG, L.P. ("KLNG") hereby objects to the City of Warwick's Motion to Intervene in the above-captioned case.

**KEYSPAN LNG, L.P.**
By its Attorneys,

**HOLLAND & KNIGHT LLP**

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500 Telephone
(401) 553-6850 Facsimile

27

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 5th day of April, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

**COUNSEL FOR**
**CITY OF WARWICK**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

/s/ Michele Chouette

# 2746024_v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**PLAINTIFF,**<br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOIAN, in his Capacity as Chairman of the Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COCA; and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**DEFENDANTS.** | ) | **C.A. NO. 05-091-L** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO THE CITY OF WARWICK'S MOTION TO INTERVENE**

Keyspan LNG, L.P. ("KLNG") hereby objects to the City of Warwick's intervention in the above-captioned case. In its motion for intervention, Warwick seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), arguing that its citizens would be adversely affected by KLNG's proposed modification of an existing federally authorized and regulated interstate liquefied natural gas storage tank and related facilities in the City of Providence (the "Project"). Yet, Warwick's arguments for intervention fail for the same reasons outlined in KLNG's objection to the City of East Providence's Motion for Intervention: (1) Warwick cannot establish a direct interest in this lawsuit; (2) Warwick cannot demonstrate an impairment to protecting its interest in the Project; and (3) Warwick fails to rebut the presumptions that its interests are

adequately represented by an existing party. (*See* Memorandum of Law In Support of KLNG's Objection to the City of East Providence's Motion for Intervention.)[1]

Specifically, Warwick's motion for intervention should fail for the following reasons. First, Warwick's generalized economic interest in the outcome of the Project does not translate into an interest in this lawsuit concerning the legal issue of federal preemption. *See Public Service Company of New Hampshire v. Patch*, 136 F.3d 197, 205-06 (1st Cir. 1998) (holding that an indirect and/or contingent interest is not sufficient for establishing a right for intervention). Second, because the issues concerning the Project are being directly addressed in an ongoing administrative proceeding before the FERC and the CRMC, Warwick cannot establish that the disposition of this lawsuit creates a practical impairment or impediment to its ability to protect this generalized economic interest. *Id.* at 205-07 ("[B]ecause [movants] would have another forum in which to protect their interest, the [movants] fall short of the 'practical impairment' requirement of Rule 24(a)(2).").

Third, Warwick cannot rebut the presumptions that the CRMC is adequately representing its interests given that: (1) the CRMC is seeking the same outcome as Warwick; and (2) the CRMC is a governmental agency that is "zealously interested in upholding the validity of the statute [at issue]." *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Commission*, 197 F.3d 560, 567 (1st Cir. 1999) ("[C]ourts have been quite ready to presume that a government defendant will 'adequately represent' the interests of all private defenders of the statute or regulation unless there is a showing to the contrary."). Indeed, the First Circuit has

---

1 As outlined in KLNG's Memorandum of Law, to intervene in a federal lawsuit as a matter of right under Rule 24(a)(2), a party must establish four "conjunctive prerequisites: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest." *Public Service Company of New Hampshire v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998). "An applicant for intervention as of right must run the table and fulfill all four of these preconditions. The failure to satisfy any one of them dooms the intervention." *Id.*

noted that this "rebuttal requires a strong affirmative showing that the agency (or its members) is not fairly representing the [movant's] interests." *Public Services,* 136 F.3d 197, 207 (1st Cir. 1998). Here, Warwick has presented no argument to rebut these presumptions except for the conclusory statement that Warwick "cannot rely on the CRMC to represent its interests, which are material and substantially different." (Warwick's Memorandum of Law, p. 4.) Because this conclusory statement cannot meet the requirement of a "strong affirmative showing," this Court should reject Warwick's motion for intervention. *Id.* at 207.

In addition to these arguments already briefed by KLNG, the First Circuit has noted that any party with a rooting interest in a lawsuit can participate sufficiently by submitting amicus briefs. *See, e.g., Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Commission*, 197 F.3d 560, 567-68 (1st Cir. 1999); *Daggett v. Commission on Governmental Ethics and Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999) (court notes that additional support for a party "may be effectively deployed through amicus briefs"). In *Massachusetts Food*, for instance, the movants sought to intervene in defense of a Massachusetts liquor statute's constitutionality, which the state of Massachusetts was already defending, by arguing that Massachusetts was not adequately representing its interests because the state was not presenting the same legal arguments that the movants would present to preserve this statute. *Massachusetts Food Ass'n*, 197 F.3d at 562-63 (where movants argued that Massachusetts should be defending the statute under the 21st Amendment). The lower court and the First Circuit both rejected this argument, noting that "these [additional] arguments [by the movants] were easily presented in amicus briefs." *Id.* at 567. Indeed, the First Circuit asserted that "a court is usually delighted to hear additional arguments form able amici that will help the court toward right answers, and the amici can easily seek a larger allotment of pages or time to participate in oral argument." *Id.*

In the instant action, this Court has already noted that it would be willing to accept amicus briefs to ensure that all concerned parties would have an opportunity to participate in the resolution of this legal issue. Therefore, the City of Warwick—as well as the City of East Providence or any other entity with a rooting interest in the outcome of this lawsuit—should participate in this case as an amici, making any argument that it believes would assist this Court in its determination of the preemption issue. Warwick should not, however, be allowed to intervene as a party because it cannot establish the required elements under Fed. R. Civ. P. 24. For these reasons, this Court should deny Warwick' Motion to Intervene.

**KEYSPAN LNG, L.P.**
By its Attorneys,

**HOLLAND & KNIGHT LLP**

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
(401) 751-8500 Telephone
(401) 553-6850 Facsimile

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 5th day of April, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

**COUNSEL FOR**
**CITY OF WARWICK**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

Michele Charette

# 2742968_v1