**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 05-091S** |
| | ) | |
| **RHODE ISLAND COASTAL** | ) | |
| **RESOURCES MANAGEMENT COUNCIL;**[1] ***et al*** | ) | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Most of the following facts are quoted directly from KeySpan documents, as indicated:

1. KeySpan LNG, L.P., ("KeySpan") is a Delaware limited partnership with its principal place of business in Providence, Rhode Island. Complaint ¶ 3; Answer to Counter-claim ¶ 43.

2. KeySpan proposes to build and operate a "liquefied natural gas ('LNG') storage tank and related facilities," Complaint ¶ 1, that will entail "installing a new ship berth in the Providence River," *id.* to be "located below the mean-high-tide-line." Answer to Counter-claim ¶ 47.

3. The facilities "would occupy 450 [square feet]" of the water bed, KeySpan's Draft EIS p. 4-27, J.App. p. 298, and "approximately 3.5 acres of water surface." KeySpan's August 20, 2004, Category B Assent Application at p. 4-18, J.App. p. 111.

4. More specifically, KeySpan's proposed "Marine Facilities" are to be as follows:

> The pier and berthing facilities for the proposed Project will consist of a single ship berth with mooring and breasting dolphins[2] and a trestle. It is designed to accommodate LNG ships with cargo capabilities of 71,500 to 145,000 cubic

[1] The Rhode Island Coastal Resources Management Council has no legal existence separate and apart from the State of Rhode Island and has no capacity to sue or be sued.

[2] A dolphin is "a group of piles . . .;" *see* http://dictionary.reference.com/search?q=dolphin. Footnote is not part of the original text.

37

> meters. The berth will include four breasting dolphins and six mooring dolphins and will be equipped with fender systems, quick release hooks and capstans. The berth will include walkways between the dolphins and the land for personnel access and a gangway . . . for the transfer of crew.

Application of KeySpan LNG, L.P. for Authorization of a Liquefied Natural Gas Import Terminal, April 2004, at Vol. I, p. 9, In the matter of KeySpan LNG, L.P., Federal Energy Regulatory Commission, ("F.E.R.C."), Docket No. CP04-223, J.App. p. 17. *Accord* Answer to Counter-claim ¶ 49.

5. The actual construction would entail:

> The modification work (Work) includes adding LNG ship unloading facilities, Marine Work consisting of ship mooring and a jetty, . . ..

*Id.* at Vol. II-C, Exhibit F at p. 3, J.App. p. 244. Furthermore:

> The sequence of the Marine Work begins with the installation of the piles to support the ship mooring, the jetty head and the jetty trestle. After the pile work is complete, the primary focus moves to structures between and above the piles.
>
> . . . [M]ost of the work is over water, executed from barges on the water.

*Id.* at p. 14, J.App. p. 255; *accord* Answer to Counter-claim ¶ 51. In addition:

> Pile driving cranes and hammers are mobilized to the site on a work barge . . .. A four-point mooring system will stabilize the barge location while piles are driven to the design depth.

*Id.* at p. 15, J.App. p. 256; *accord* Answer to Counter-claim ¶ 52.

6. The Providence River, at the point where KeySpan would build, is an arm of the sea, a navigable water-way, a salt-water body of water, and is subject to the ebb-and-flow of the tide. It is navigable in its natural state as well as in its current state. Although bearing the

proper name "Providence River," in fact, it is not, technically, a river at all, at that point, but rather a tidal estuarine embayment. Director's Aff. ¶ 44, J.App. p. 288.

7. KeySpan submitted an application (the completeness of which the Defendant's dispute) for the proposed facility to the "Federal Energy Regulatory Commission ('FERC') pursuant to Section 3 of the Natural Gas Act, 15 U.S.C. § 717B(a), on April 30, 2004." Complaint ¶ 1.

8. KeySpan submitted an application for the proposed facility to the Army Corps of Engineers (Army Corps) pursuant to § 10 of the Rivers & Harbors Act of 1899, 33 U.S.C. § 403, on August 20, 2004. J.App. tab 4.

9. The Army Corps is currently reviewing KeySpan's application for a permit for the proposed dolphin structures pursuant to § 10 of the Rivers & Harbors Act. *Id.*

10. "The U.S. Army Corps of Engineers . . . has authority over the project under . . . Section 10 of the Rivers and Harbors Act . . .." KeySpan's August 20, 2004, Category B Assent Application p. 1-4, J.App. p. 97.

11. On August 20, 2004, KeySpan made application to the Rhode Island Coastal Resources Management Council ("CRMC") for a Category B Assent pursuant to the Rhode Island Coastal Resources Management Council Act, R.I. Gen. Laws § 46-23-1, *et. seq*. J.App. tabs 3, 5-8; Answer to Counter-claim ¶¶ 56-59, 61.

12. On November 30, 2004, the Attorney General, *per* a letter to the Chairman of the CRMC, which letter was copied to KeySpan's attorneys, raised the Public Trust Doctrine as a basis of CRMC state-law jurisdiction and specified the State's position that "the Federal Government has done nothing to alter the basic fact that Rhode Island owns the site and KeySpan does not. KeySpan must apply under purely state law, to the CRMC, for a license to use state land separate and apart from any Federal . . . requirements." J.App. tab 10 & p. 158.

13. Two days later, on December 1, 2004, KeySpan, *per* a letter from its attorneys to the Director of CRMC, indicated it did *not* need a Category B assent and withdrew its application. Answer to Counter-claim ¶ 66-67.

14. On February 17, 2005, by letter from the Attorney General to KeySpan's attorneys, the State made inquiry as to KeySpan's position. J.App. tab 17, Answer to Counter-claim ¶ 87.

15. On or about February 25, 2005, KeySpan filed the instant action in which it "seeks a declaratory judgment and injunctive relief." Complaint ¶ 1.

Respectfully submitted,
THE STATE OF RHODE ISLAND
for Defendants, by their attorney,

PATRICK C. LYNCH, ATTORNEY GENERAL

M Rubin

Michael Rubin, (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
Tel: (401) 274-4400 Ext. 2116

Paul J. Roberti, (#4447)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2231

Brian A. Goldman, Esq., (#3940)
Counsel for CRMC
681 Smith Street
Providence, RI 02908
Tel: (401) 521-4100

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to Gregory Benik, Holland & Knight, One Financial Plaza, Suite 1800, Prov., RI 02903; Peter D. Ruggiero, Ruggiero, Orton, & Brochu, 20 Centerville Road, Warwick, RI 02886; Christopher M. Mulhearn, Ferrucci Russo, P.C., 55 Pine Street, Suite 4, Prov., RI, 02903; Adrienne G. Southgate, Prov. City Solicitor's Office, 275 Westminster Street, Prov., RI, 02903; and Frederick M. Lowther, Esq., Dickstein, Shapiro, Morin & Oshinsky, 2101 L. Street NW, Washington, DC 20037 on this 18th day of April, 2005.

Pamela Lopes

\\Attg5\Civil\M. Rubin\CASES\Keyspan\KeySpan v. CRMC\KS v CRMC-Plenary Motion & Memo\Statement of Undisputed fact in Support of Plenary Motion for SJ.doc

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEYSPAN LNG, L.P. | ) | |
| | ) | |
| v. | ) | C.A. NO. 05-091S |
| | ) | |
| RHODE ISLAND COASTAL | ) | |
| RESOURCES MANAGEMENT COUNCIL;[1] *et al* | ) | |

STATE OF RHODE ISLAND'S MOTION FOR SUMMARY JUDGMENT

The State of Rhode Island hereby moves for Summary Judgment on KeySpan's claim and includes herein arguments for grant of dismissal for failure-to-state-a-claim with respect to defendant CRMC. A Memorandum, an Appendix (to be filed separately), and a Statement of Undisputed Facts is included.

Respectfully submitted,
THE STATE OF RHODE ISLAND
for Defendants,
by their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Michael Rubin, (#3656)
Special Assistant Attorney General
150 S. Main St., Prov., RI 02903
Tel: (401) 274-4400 Ext. 2116

Paul J. Roberti, (#4447)
Assistant Attorney General
150 S. Main St., Prov., RI 02903
Tel: (401) 274-4400 Ext. 2231

Brian A. Goldman, Esq., (#3940)
Counsel for CRMC
681 Smith St., Prov., RI 02908
Tel: (401) 521-4100

[1] The Rhode Island Coastal Resources Management Council has no legal existence separate and apart from the State of Rhode Island and has no capacity to sue or be sued.

36

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to Gregory Benik, Holland & Knight, One Financial Plaza, Suite 1800, Prov., RI 02903; Peter D. Ruggiero, Ruggiero, Orton, & Brochu, 20 Centerville Road, Warwick, RI 02886; Christopher M. Mulhearn, Ferrucci Russo, P.C., 55 Pine Street, Suite 4, Prov., RI, 02903; Adrienne G. Southgate, Prov. City Solicitor's Office, 275 Westminster Street, Prov. RI, 02903; and Frederick M. Lowther, Esq., Dickstein, Shapiro, Morin & Oshinsky, 2101 L. Street NW, Washington, DC 20037 on this 18th day of April, 2005.

\\Attg5\Civil\M. Rubin\CASES\Keyspan\KeySpan v. CRMC\Pleadings KeySpan v CRMC-- Plenary Motion & Memo\Alternative Motion for SJ.doc