**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN, LNG, L.P.** | : | |
| | : | |
| **v.** | : | **C.A. NO. 05-091S** |
| | : | |
| | : | |
| **RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET AL.** | : | |

***ERRATA***
**TO THE DEFENDANT'S MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

The following technical errors, not affecting the overall thrust of any of the arguments presented, appear in the latest brief submitted by the Attorney General and are, if the Court permits, hereby corrected:

1. On pp. 12-13 it is correctly stated that, in the case of Federal Power Comm'n v. Niagara Mohawk Power Corp., 347 U.S. 239 (1954), the Court ruled in favor of the party asserting the proprietary rights of water use granted by state law as against a claim that such rights had been abolished by the Federal Water Power Act of 1920. This particular rendition of the holding of that case is correct. But the prevailing party is misidentified. In fact, although the Court's logic and holdings are correctly described in the Memorandum, the ruling actually favored Niagara Mohawk, which was the party that challenged the Federal Power Commission's ability to supercede the proprietary rights to water use granted by the state of New York. The sentence "KeySpan seeks to succeed where the Niagara-Mohawk Power Corp. failed" (at 13 of Memorandum) *should*, in fact, read, "KeySpan seeks to succeed where the Federal Power Commission failed." The gravamen of the argument is unaffected.

2. Additionally, although all other excerpts from Army Corps regulations (including the provision stating that a permit "does not grant any property rights") are correctly sourced at

42

pp. 19-20, the indented excerpt that follows the phrase "Another endorsement states," on p. 20 is incorrectly cited as originating within Permit Form & Special Conditions, 33 CFR 325, App. A. This language is not found within those regulations; but undersigned Counsel understands and represents that it does constitute a standard clause used in Army Corps permits, which the Army Corps would apply to KeySpan. *See* Arkansas Nature Alliance, Inc. v. U.S. Army Corps of Engineers, 266 F.Supp.2d 876, 882 (2003) (quoting virtually this exact language from a permit granted by the Army Corps); Director's Affidavit at ¶ 71, J.App. at 295 (quoting this exact language and attesting that it would apply to KeySpan).

3. The original name of the Federal Power Act was the "Federal Water Power Act of 1920." The word "Water" was deleted in the original Memorandum (as Congress did when it amended the Act in the 1930s).

Respectfully submitted,

Defendants,
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

M Rubin

Michael Rubin, (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
Tel: (401) 274-4400 Ext. 2116

Paul J. Roberti, (#4447)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2231

Brian A Goldman /MR

Brian A. Goldman, Esq., (# 3940)
Counsel for CRMC
681 Smith Street
Providence, RI 02908
Tel: (401) 521-4100

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing was handed to Gregory Benik, Holland & Knight, One Financial Plaza, Suite 1800, Prov., RI 02903; and mailed to: Peter D. Ruggiero, Ruggiero, Orton, & Brochu, 20 Centerville Road, Warwick, RI 02886; Christopher M. Mulhearn, Ferrucci Russo, P.C., 55 Pine Street, Suite 4, Prov., RI, 02903; Adrienne G. Southgate, Prov. City Solicitor's Office, 275 Westminster Street, Prov. RI, 02903; and Frederick M. Lowther, Esq., Dickstein, Shapiro, Morin & Oshinsky, 2101 L. Street NW, Washington, DC 20037 on this 29th day of May, 2005.

\\Attg5\Civil\M. Rubin\CASES\Keyspan\KeySpan v. CRMC\Pleadings KeySpan v. CRMC\Errata for Memo in support of SJ.doc