**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-91S** |
| | : | |
| **KEYSPAN LNG, L.P.** | : | |

**STATE OF RHODE ISLAND'S**
**MOTION TO REMAND**

Now comes the State of Rhode Island, and moves, pursuant to 28 U.S.C. § 1447 to remand this case to the Superior Court of the State of Rhode Island.

As grounds for this Motion, the State of Rhode Island rests on the attached Memorandum of Law in Support of Motion to Remand

Respectfully submitted,

STATE OF RHODE ISLAND
By its Attorneys,

Terence J. Tierney

Terence J. Tierney, (#2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2307
Fax: (401) 222-3016

49

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 23rd day of May, 2005 to:

Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

John Walsh, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Brian Goldman, Esq.
681 Smith Street
Providence, RI 02908

Michael Rubin, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Paul Roberti, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Peter D. Ruggiero, Esq.
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

Christopher M. Mulhearn,Esq.
Ferrucci Russo, P.C.
55 Pine Street, Suite 4
Providence, RI 02903

Adrienne G. Southgate,Esq.
Providence City Solicitor's Office
275 Westminster Street
Providence, RI 02903

Frederick M. Lowther, Esq.
Dickstein,Shapiro,Morin & Oshinsky
2101 L. Street NW
Washington, DC 20037

Colleen Cole
________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STATE OF RHODE ISLAND** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-91S** |
| | : | |
| **KEYSPAN LNG, L.P.** | : | |

**<u>STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND</u>**

On April 22, 2005 KeySpan LNG, L.P., filed a "Notice of Removal" in this Honorable Court in the matter of <u>State of Rhode Island v. KeySpan LNG, L.P.</u>, C.A. No. 05-1896.

The Plaintiff in the state court action KeySpan seeks to remove is the sovereign State of Rhode Island, which seeks injunctive and declaratory relief with respect to land it owns located in the City of Providence, Rhode Island. The State's factual allegations in support of its claims for judicial relief are set forth in the State's Complaint, and may be briefly summarized as follows:

KeySpan intends to construct and install certain liquefied natural gas facilities in submerged land under the Providence River owned by the State of Rhode Island. Rhode Island laws set forth a procedure to obtain a right to use or obtain title to such land, but KeySpan has not availed itself of such options, and instead intends to commence its activities based on its belief that such permission of the State is not required. The submerged land and associated water surface above it are presently used by the public, but such uses will be prohibited by KeySpan's proposed activities. KeySpan's activities will pose a threat to water quality, fish, and other natural resources from releases of hazardous materials, and will adversely impact the surface water quality, navigability, and recreational use of the river.

The four Counts of the State's Complaint are each brought exclusively under state law: The first Count concerns the State's request that the Superior Court grant it a Declaratory Judgment affirming that the State of Rhode Island possesses a seisan in fee title interest in the specific land which is the subject of the lawsuit, and that KeySpan has not obtained a license, permit, lease, or grant from the Rhode Island General Assembly, to use the land in question. In Count II, the State alleges that KeySpan intends to encroach upon public rights to use and enjoy property which belongs to the public by means of construction activities and long-term private use of the land in question, and asks that Defendant be enjoined from such activity. In Count III, the State alleges the activities which the Defendant anticipates conducting in the land constitutes a trespass upon the State's property, and asks that Defendant be enjoined from trespassing on the State's land. In Count IV, the State alleges that the proposed encroachment by Defendant on land owned by the State will constitute a public nuisance, and asks that Defendant be enjoined from taking such action. There can be no dispute that the State's claims for relief in the state court action are equitable in nature, and that Rhode Island General Laws § 8-2-13 vests exclusive jurisdiction over equity actions in the Superior Court of Rhode Island.

The only question before the Court is whether the case arises under the Constitution or laws of the United States. The State of Rhode Island respectfully submits that it clearly does not so arise.

No claim whatsoever has been brought by the Plaintiff under any federal law or the United States Constitution, and the United States is not a party to the action. For removal to be proper the presence of a federal question must appear "upon the face of the Plaintiff's suit, unaided by Defendant's answer or petition for removal, that the claimed right or immunity will be either supported or denied depending upon the construction or effect given by the Court to the

Constitution or law of the United States. Day-Brite Lighting Div. v. International Bro. of Elec. Wkrs., 303 F.Supp 1086 (D.C. Miss., E.D. 1969) citing Gully v. First National Bank of Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

In Danka vs. Private Health Systems, 185 F.3d 1 (1st Cir. 1999) the First Circuit Court of Appeals held that in removal actions federal jurisdiction is normally ascertained from the face of the State Court Complaint that triggered the removal under the "well-pleaded complaint" rule. Id. at 4. In Danka, the state court complaint at issue "alleged only causes of action under state law. On its face, then the complaint presents no federal question." Id.

Despite the absence of a federal question in the state court complaint at issue in Danka, the Court went on to discuss a recognized exception to the well-pleaded complaint rule known as "complete preemption," emphasizing the significant difference between "complete preemption" and an affirmative preemption defense based on a federal statute. Id. The First Circuit held in Danka that Courts must "determine whether the real nature of the claim is federal." Id. at 5, citing Federated Dep't Stores Inc. v. Moitie, 452 U.S. 394, 397, n.2, 101 S.Ct. 2424, 69 L.Ed. 2d 103 (1981).

Application of such an analysis to the nature of the claims raised in Rhode Island's state court action must lead the court to conclude that they are claims which arise only under state law, not federal law. The State's trespass, nuisance, quiet title, and encroachment on public rights in land claims are clearly not "essentially federal law claims" as is required in order for the "complete preemption" exception to apply. Id. As is abundantly obvious from the face of the

State's Complaint it filed in the state court, the state court action at issue here is devoid of federal law claims and has clearly been brought only under state law.[1]

Removal statutes are strictly construed, and obviously do not create federal jurisdiction by themselves. Shamrock Oil & Gas Corp. vs. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). KeySpan bears the burden of establishing that removal of the state court action would be proper. BIW Deceived v. Local 56, Industrial Union of Marine and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir. 1997). In this instance, KeySpan has utterly failed to meet its burden. While obligated to demonstrate that federal jurisdiction over the state court action is beyond doubt, KeySpan instead merely relies as the basis for removal on its need to secure a federal license for the proposed project, and broadly asserts the concept of federal preemption under the "Submerged Lands Act".

It is highly questionable whether KeySpan's purported defense arising under the Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq.*, ("SLA") even applies in this situation, since, *inter alia,* it has not even been raised as an Affirmative Defense in KeySpan's Answer to the State's Complaint, as required by rule of court (and has therefore been waived as a defense). In any event, regardless of the merits of KeySpan's attempted reliance on the SLA both as a defense to the state action and a basis for removal of it to Federal Court, it is black letter law that an asserted defense cannot create Federal Court jurisdiction. It is well recognized that under the "well pleaded complaint" doctrine a defense to an action based on federal law is insufficient by itself to permit removal given the requirement that the federal question appear on the face of the

[1] The First Circuit also instructed lower courts that when federal jurisdiction is doubtful in removal cases, the case should be remanded. Maine Ass'n of Independent Neighborhoods vs. Commissioner, Maine Department of Human Services, 876 F.2d 1051 (1st Cir. 1989). Here, any federal jurisdiction over the Rhode Island's state law claims is, at best, highly doubtful, and a remand is therefore required.

Complaint in order for federal jurisdiction to exist. *See*: Chemerinsky, Federal Jurisdiction, § 5.5; Louisiana Nashville Railroad v. Motely, 211 U.S. 149 (1908); and Brough v. United States Steelworkers of America, AFL-C10, 437 F.2d 748, 749 (1st Cir. 1971) ("The original complaint pointedly based upon the assertion of common law rights and raising solely issues of state law, was not removable.")

KeySpan's contention that it enjoys a defense to the state court action under the commerce clause and laws involving interstate commerce is an insufficient basis for removal. Smith v. Barnett, 242 F. 83 (D.C.N.Y. 1917); Visayan Refining Co. v. Standard Transp. Co., 17 F.2d 642 (D.C.N.Y. 1927). Similarly, even if the state court action is viewed as one involving navigable waters, it is simply not removable merely because it is subject to a defense based on the federal Constitution or a federal law. Beaumont v. Texas, etc., 296 F. 523 (D.C. Tex. 1924).

In addition to the Submerged Land Act defense, KeySpan relies on several cases to support its position, but they do not support its claim that the state court action may be removed. While bearing the burden of establishing federal preemption in this matter, KeySpan's Notice of Removal has not even addressed how state law on trespass, nuisance, and property ownership stands "as an obstacle to the accomplishment of the full purposes and objectives of Congress" or how it purportedly "is impossible to comply with both state and federal law" as is required of it. Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.CT. 399, 404, 85 L.Ed. 581 (1941); Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43, 83 S.Ct. 1210, 1217-18, 10 L.Ed.2d 248 (1963).

In asserting that the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the Natural Gas Pipeline Safety Act, ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the regulations promulgated thereunder vest the Federal Energy Regulatory Commission (F.E.R.C.) with exclusive

jurisdiction over the sitting, construction, operation and safety of its proposed facility, KeySpan misses the mark, since the claimed federal preemption of state action under these statutes would, at best, be a defense to the state court actions, and no federal law claim is raised on face of the State's Complaint.

In its state court action Rhode Island may obtain complete relief based solely upon state common law, and therefore removal of the case to federal court would be improper. Abrams v. Hart Cotton Mills, 85 F.Supp. 664 (D.C.N.C. 1949); H. N. Thayer Co. v. Binnall, 82 F.Supp. 566 (D.C. Mass. 1949).

In Garbaccio v. Columbia Gas Transmission Corp., 289 F.Supp.2d 903 (N.D. Ohio, 2003) the Court held that defendant did not show the federal Natural Gas Act or the Natural Gas Pipeline Safety Act completely preempted Plaintiff's state law claim to enjoin Defendant from clear-cutting vegetation on Plaintiff's land in order to allow Defendant to lay a gas pipe line, and remanded the action to state court. In that matter, in an attempt to remove to federal court a state court action seeking solely injunctive relief and not damages, a firm engaged in the transmission of gas asserted federal question jurisdiction on the ground that its counterclaim was based on the NGA and NGPSA. The gas company's argument was premised in part on one of the identical cases now relied upon by KeySpan, *i.e.*, National Fuel Supply Corp. v. Public Serv. Com'n, 894 F.2d 571 (2nd Cir. 1990). Notice of Removal, p. 3. After holding that National Fuel Supply does not even address the issue of removal, the Court ruled that the gas company had not shown the state law claim "is actually an action under the NGPSA and the NGA. The exception to the well pleaded complaint rule does not apply here. Therefore, Columbia Gas has failed to prove federal question jurisdiction in this case." Id. at 906.

Similarly, the Court in In Re Cal. Retail Natural Gas & Electric Antitrust Litig., 170 F.Supp.2d 1052 (D. Nev., 2001) held that the Natural Gas Act's exclusive jurisdiction provision does not manifest congressional intent to completely preempt the field such that state law claims should be construed as federal, and therefore remanded the case to the state courts as required.

The Court should also clearly reject KeySpan's claims that its jurisdiction over a related matter (KeySpan v. CRMC, C.A. No. 05-0915) should serve as a basis to remove the state court action at issue. As this Honorable Court noted in Narragansett Indian Tribe of Rhode Island vs. Rhode Island, 296 F.Supp.2d 153:

> The Court's subject matter jurisdiction in one case does not automatically confer it in the other."
>
> Id. at 159.

In Narragansett Indian Tribe, the State of Rhode Island brought an action in state court under Rhode Island's Uniform Declaratory Act, RI Gen. Laws § 9-30-1 *et seq.*, and, as in the instant matter, did not mention or assert any claim grounded in federal law. There, both the State and the Defendant actually desired that the case be removed to Federal Court, and the State did nothing to oppose the removal sought by the Defendant. Just as KeySpan now attempts to do, the Defendant in Narragansett Indian Tribe cited federal cases and a Federal Statute (28 U.S.C. § 1362) in its removal petition as grounds for Federal Court jurisdiction over the state court action. The Court, however, held:

> "As discussed above, the invocation of a federal statute as a defense is simply not, by itself, a viable basis for jurisdiction."
> Id. at 160.

On appeal, the tribe argued that the federal court had jurisdiction over the state case and should have applied the "artful pleading rule" (barring a plaintiff from concealing a federal

question by omitting it from the complaint), but this was rejected by the First Circuit, which held:

> "It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the Plaintiff's original cause of action, arises under the Constitution."

Narragansett Indian Tribe of Rhode Island v. Rhode Island, 2005 WL 1119 758 (May 12, 2005).

Just as the Court remanded the state court action back to state court in Narragansett Indian Tribe v. Rhode Island, Id. at 160, so too should the Court remand the instant matter to the state courts.

In Aroostook Band of Micmacs vs. Ryan et al., 404 F.3d 48 (Me. 2005), the Court reaffirmed that the federal claim or issue is required to appear on the face of the Complaint, and that federal court jurisdiction does not exist where the federal issue would arise only as a defense to a state court of action. Id. at 7. It went on to hold that:

> "the same rule applies to claims filed in state court and then removed to federal court under 28 U.S.C. §1441. Rossello-Gonzales v. Calderon-Serra, 398 F.3d 1, 10 (1st Cir. 2004) ("[I]n deciding (for removal purposes) whether a case presents a federal 'claim or right' a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer.")
>
> Id. at 7-8

Given KeySpan's arguments, the decision in Chambers-Liberties Counties Navigation District v. Parker Brothers Co. Inc., 763 F.Supp. 602 (S.D.Tex., 1976) is instructive. There, Plaintiff was part of the State of Texas which owned certain submerged land and Defendant was engaged in dredging activity being carried out under permits issued by the United States Army.

Plaintiff alleged that Defendant dug into the submerged land it owned and thereby destroyed its resources, thereby constituting a "trespass on Plaintiff's property," id at 604. Defendants contended the matter involved admiralty or maritime jurisdiction and sought to remove the case to federal court on the basis of federal question jurisdiction. Id. In its remand order, the court noted that Defendant's federal permit does "not authorize injury to or invasion of private property or any infringement of federal, state or local law" (Id. at 606) and that "the alleged violation of a federal statute is not an element essential to recovery for trespass or damage to property. The determination of whether the removal of the shell was wrongful or not depends upon the laws of the State of Texas, and the correct decision of the case does not depend upon the construction of a federal law." Id. at 607. Put another way, "The essential element of Plaintiff's cause of action, therefore, involves damage to its property, and not effect of the damage upon navigation. Id.

While there is no doubt a strong federal interest in natural gas production and distribution, this Court should reject Defendant's contention that federal law predominates the field to such a degree that the exercise of its limited jurisdiction is warranted, as the federal court so held in In Re: Cal. Retail Natural Gas & Electric Antitrust Lit., 170 F.Supp.2d 1052 (D.Nev., 2001) supra, at 1060.

## CONCLUSION

As the Plaintiff, the State of Rhode Island is the master of its own Complaint in State of Rhode Island v. KeySpan and it has made a decision to seek relief for its nuisance and land rights claims in the Courts of the State of Rhode Island, as it is legally entitled to do.

No "federal question" is raised in the state court Complaint KeySpan seeks to remove. 42 USC § 1446(c)(4) requires that this Honorable Court summarily remand the matter to state court.

Respectfully submitted,
Plaintiff,

STATE OF RHODE ISLAND
By its Attorney,

Terence J. Tierney, (#2583)
Special Assistant Attorney General
150 South Main Street, Prov., RI 02903
Tel: (401) 274-4400 Ext. 2307
Fax: (401) 222-3016

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 23rd day of May, 2005 to:

Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

John Walsh, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Brian Goldman, Esq.
681 Smith Street
Providence, RI 02908

Michael Rubin, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Paul Roberti, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Peter D. Ruggiero, Esq.
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

Christopher M. Mulhearn,Esq.
Ferrucci Russo, P.C.
55 Pine Street, Suite 4
Providence, RI 02903

Adrienne G. Southgate,Esq.
Providence City Solicitor's Office
275 Westminster Street
Providence, RI 02903

Frederick M. Lowther, Esq.
Dickstein,Shapiro,Morin & Oshinsky
2101 L. Street NW
Washington, DC 20037