**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br><br>**v.**<br><br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-091 S** |

**OPPOSITION OF KEYSPAN LNG, L.P.**
**TO STATE OF RHODE ISLAND'S MOTION TO REMAND**

Keyspan LNG, L.P. ("KLNG") opposes the State of Rhode Island's Motion to Remand. KLNG has properly removed the State of Rhode Island's state court action to this Court because: 1) state law claims may be removed to federal court when the claims are completely preempted by federal law, which in the instant case they are as the federal laws and regulations at issue completely occupy the field of the transportation and sale for resale of natural gas in interstate and foreign commerce and the facilities associated with such transactions; and 2) KLNG is acting at the direction of a federal agency in regard to the conduct about which the State complains and, therefore, removal is appropriate under 28 U.S.C. § 1442(a)(1). In further support of this opposition, KLNG relies upon the accompanying memorandum of law submitted herewith.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# 2955431_v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br><br>**v.**<br><br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-91 S** |

**KEYSPAN LNG, L.P.'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO STATE OF RHODE ISLAND'S MOTION TO REMAND**

## I. Introduction

Keyspan LNG, L.P. ("KLNG") properly removed the State of Rhode Island's complaint to this Court. Contrary to the State's arguments, there are relevant exceptions to the rule that the complaint must affirmatively allege a federal claim to establish federal court jurisdiction in the absence of diversity. One exception is that state law claims may be removed to federal court when the claims are completely preempted by federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). The other exception is that an action may be removed to federal court when the defendant is acting at the direction of a federal agency. *See* 28 U.S.C. § 1442 (a)(1).

In the instant matter, both exceptions are applicable. Federal subject matter jurisdiction over the State's claims exists because they are completely preempted by federal law. Moreover, jurisdiction in this Court exists because the actions about which the State complains will be performed at the direction of a federal agency, the Federal Energy Regulatory Commission ("FERC") and, thus, removal is appropriate under 28 U.S.C. § 1442(a)(1).[1]

---

1 While the State appears to have conceded that it has waived its Eleventh Amendment immunity as it did not raise immunity in its Motion to Remand, KLNG notes again that, by answering on behalf of defendants, asserting a counterclaim against KLNG and filing a motion to substitute itself for the defendants in this consolidated action, the State has waived its immunity under the Eleventh Amendment. *See Clark v. Barnard*, 108 U.S. 436

## II. The State's Claims Are Completely Pre-empted by Federal Laws That Govern The Transportation and Sale For Resale of Natural Gas In Interstate and Foreign Commerce and The Facilities Associated Therewith

KLNG submits that the complete preemption exception provides this Court with federal subject matter jurisdiction over the removed State's claims. The Federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified Federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the federal regulations promulgated thereunder have long been recognized as a comprehensive scheme of federal regulation that confers upon FERC exclusive jurisdiction over facilities such as the one KLNG proposes in Providence as those statutes alone govern the transportation and sale of natural gas for resale in interstate and foreign commerce.[2] *See Schneidewind v. ANR Pipeline Company*, 485 U.S. 293, 300-01 (1988) ("The NGA confers upon FERC exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce for resale."). In addition, the Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq.* ("SLA"), recognizes the well-established limitation on state ownership of submerged land. Under both common law and the SLA, states hold title to submerged land subject to the federal government's paramount "rights in and powers of regulation and control of said lands and navigable waters for the constitutional purposes of commerce." 43 U.S.C. § 1314

---

(1883) (holding that Rhode Island waived its Eleventh Amendment immunity by asserting itself into a federal law suit); *see also Wis. Dep't of Corr. v. Sahacht*, 524 U.S. 381, 395 (1998) (citing *Clark* for the proposition that "a state's voluntary intervention in federal court action to assert its own claim constitutes a waiver of the Eleventh Amendment"). Here, the State of Rhode Island has waived its Eleventh Amendment immunity by bringing claims against KLNG in which it has raised state common law issues specifically related to the proposed KLNG facility along the Providence River.

[2] Those statutes also confer exclusive jurisdiction in the federal courts on enforcement issues. For example, §717 (u) of the NGA provides:

> The District Courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have *exclusive jurisdiction* of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or any duty created by, or to enjoin any violations of, this chapter or any rule, regulation or order thereunder . . .

(Emphasis added.)

(a). If FERC authorizes KLNG to construct and operate its proposed project, it will do so as an exercise of the federal government's paramount right to regulate the transmission and sale of natural gas in interstate and foreign commerce. Accordingly, the NGA, NGPSA, and SLA completely preempt the field and removal is appropriate. *See Beneficial Nat'l Bank*, 539 U.S. at 8.

The theory of complete preemption has been expanding. The Second Circuit recently found complete preemption in *Spielman v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 332 F. 3d 116 (2d Cir. 2003), a case dealing with securities. *See also Beneficial Nat'l Bank*, 539 U.S. 1. Moreover, in the absence of explicit statutory language on preemption, Congress implicitly may indicate and intend to occupy a given field to the exclusion of state law. *Schneidewind v. ANR Pipeline Company*, 485 U.S. at 300. Indeed, the United States Supreme Court in *Schneidewind* explained that congressional intent to preempt state law:

> . . . may be inferred where the pervasiveness of the federal regulation precludes supplementation by the States, where the federal interest in the field is sufficiently dominant, or where 'the object sought to be obtained by the federal law in the character of obligations imposed by it . . . revealed the same purpose.' *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218 (1947). Finally, even where Congress has not entirely displaced state regulation in a particular field, state law is preempted when it actually conflicts with federal law. Such a conflict will be found 'when it is impossible to comply with both state and federal law . . . or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress. . . '

*Id.* (citations omitted). After making this analysis of implicit congressional intent to occupy a field, the *Schneidewind* Court went on to state that "[t]he NGA long has been recognized as a 'comprehensive scheme of federal regulation of all wholesales of natural gas in interstate commerce . . . and confers upon FERC exclusive jurisdiction . . . '" *Id.*

In this case, as stated above, the federal regulatory scheme upon which FERC operates completely occupies the field of interstate and foreign commerce regarding natural gas, including the siting of facilities therefor. The claims the State of Rhode Island has brought are completely preempted by federal law because they seek to regulate, through the use of tort law, the siting of KLNG's Providence facility.[3] Accordingly, because FERC has the exclusive jurisdiction to regulate the siting, construction and transportation of liquidified natural gas, there exists complete preemption conferring federal subject matter jurisdiction on this Court.[4]

## III. Federal Subject Matter Jurisdiction Also Is Conferred Upon this Court Under 28 U.S.C. §1442 (a)

Section 1442 (a) of Title 28 of the United States Code provides that "any person acting under" the direction of a federal agency . . . may remove any "civil action . . . commenced in the state court." This statute confers federal jurisdiction because the jurisdiction rests on the federal interest in enforcing federal law and protecting individuals who act pursuant to that law and provides a second exception to the rule that a complaint need not state a federal question on its

---

3 The State places heavy reliance on *Gabashio v. Columbia Gas Transmission Corp.*, 289 F. Supp. 2d 903 (N.D. Ohio 2003), in which the court held that the defendant did not show that the NGA or NGPSA completely preempted plaintiff's state law claims and remanded the action to state court. *Gabashio* is not relevant to the instant action. *Gabashio* did not involve the SLA or state-owned land, but private property claims. This is an essential distinction. In the instant matter, as the State concedes, state-owned land is at issue. Under common law and the SLA, the State holds ownership over the submerged lands subject to paramount federal rights and authority. In authorizing KLNG's project, the federal government through FERC will have exercised the rights reserved to it under the SLA and thereby authorized KLNG's use of the land at issue. Thus, KLNG is not required to obtain permission from the State to use those lands, and any state common law claims to otherwise "regulate" the use of those submerged lands are completely preempted by federal law.

Moreover, the State also places reliance on *In re California Retail Natural Gas and Electricity Antitrust Litigation*, 170 F. Supp. 2d 1052 (D. Nev. 2001), in which the court found that the NGA's exclusive jurisdiction provision does not manifest congressional intent to preempt completely the field and remanded the case back to the state court. The State fails to note, however, that *In Re: California Natural Gas* involved conspiracy claims and "spot market" pricing. The court held that those types of claims are ones that are not preempted by the NGA because the claims did not involve the area of FERC's exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce for resale, but rather antitrust issues. Thus, *In re California Retail Natural Gas and Electricity Antitrust Litigation* is not relevant to the instant matter.

4 KLNG also notes that the State's claims raise a substantial, disputed federal question that creates federal jurisdiction and that the State should not be allowed to "artfully plead" around the federal law issues to avoid federal jurisdiction.

face.[5] A party may remove under 28 U.S.C. § 1442 (a) if three elements are met: (1) the party acted under direction of a federal agency; (2) the party has a colorable federal defense; and (3) there is a nexus between the federal instruction and the conduct in question. *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999). The federal agent removal exception is broadly interpreted. *In re MTBE*, 342 F. Supp. 2d (S.D.N.Y. 2004)(holding that actions were properly removed pursuant to federal officer removal statute); *Teague v. Grand River Dam Authority, 279 F. Supp. 703 (N.D. Okl. 1968*) (wrongful death action properly removed where defendants acting under license from the Federal Power Commission and at the direction of the Army Corp of Engineers opened flood gates resulting in death).

As explained above, the first element for federal agent removal is easily met as KLNG's actions will be at the direction of FERC, which is charged with siting its facility. *See Schneidewind*, 485 U.S. at 300-01. Second, KLNG has a federal defense in that all of its actions are governed wholly by federal law, including the actions of which the State complains. KLNG's ability to site its facility in Providence is governed by the NGA, NGPSA and SLA. The State's attempt to regulate such siting through the use of state tort claims is completely preempted and cannot be used as an "alternative" set of state regulations of KLNG's project. Finally, the causation element is met because the conduct complained of by the State must be performed at the direction of FERC, which has exclusive jurisdiction over this area. Thus, 28

---

[5] As for jurisdiction under the federal agent statute, 28 U.S.C. 1442 (a), KLNG submits that this statute provides another basis for its removal to the extent that the Court does not view the State's claims as premature. Indeed, it should be noted that the State describes its claims as anticipatory. For example:

- In Count II, the State alleges that Keyspan *intends to encroach upon pubic rights to use and enjoy property* . . .
- In Count III, the State alleges the activities which the defendant [KLNG] *anticipates conducting* on the land constitutes a trespass upon the State's property . . .
- In Count IV, the State alleges that the *proposed encroachment* by defendant [KLNG] on land owned by the State *will* constitute a public nuisance

*See* State's Memo in Support of Motion to Remand, p. 2 (emphasis added). While KLNG questions the ripeness of the State's claims, the activities of which the State complains would be actions taken at the direction of a federal agency, FERC, in the future upon FERC authorization.

U.S.C. 1442 (a) permits removal even if the State's complaint does not state a federal cause of action on its face.

## IV. Conclusion

For the above-stated reasons, the State of Rhode Island's Motion to Remand should be denied. The State's claims should remain in this consolidated federal court action.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 3rd day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

Lauren Jones

# 2955543_v1