UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STATE OF RHODE ISLAND :
:
vs. : C.A. No. 05-91S
:
KEYSPAN LNG, L.P. :

**STATE OF RHODE ISLAND'S REPLY TO KEYSPAN LNG L.P.'S OBJECTION TO MOTION TO REMAND**

On April 14, 2005 the State of Rhode Island filed a Complaint against KeySpan LNG, L.P. ("KeySpan") in the Superior Court of the State of Rhode Island and served a copy of it upon defendant. On April 22, 2005 KeySpan filed a "Notice of Removal" indicating that it had removed the case to the United States District Court solely "pursuant to 28 U.S.C. §§ 1331 and 1446." KeySpan's Notice of Removal alleged that the "case is removable because Plaintiff's claims are preempted as they would frustrate federal law and regulations" and also alleged that because the state "has effectively waived its Eleventh Amendment immunity from suit regarding the KLNG project, this action is removable." *See* "Notice of Removal" p.1, 3, and 4.[1]

On May 23, 2005, the state filed a "Motion to Remand" this matter back to state court. On June 6, 2005, the State received KeySpan's "Opposition" to the State's Motion to Remand, wherein for the first time it alleged that removal of the case to federal court is "appropriate under 28 U.S.C. § 1442." KeySpan Opposition, p. 1. The Court conducted a hearing on the Motion to Remand on June 7, 2005, and at that time the State objected to KeySpan's attempted invocation of a jurisdictional basis for removal that had not been set forth in its Notice of Removal, arguing that the Court should ignore KeySpan's untimely 28 U.S.C. § 1442 claim because jurisdiction

[1] Section 1446 of Title 28 requires that a Notice of Removal be filed within thirty days after a party receives a copy of a pleading from which it could first ascertain that the action was removable. Thus, KeySpan's time limit for filing its Notice of Removal expired on May 14, 2005.

may not be sustained on a theory that had not been advanced within the time permitted for filing a Removal Petition. The Court nonetheless heard KeySpan's argument on its new theory over the State's objection, and invited the State to file a Memorandum with the Court on the issue if it so chose.

**ARGUMENT:**

**(A) KEYSPAN'S NEW GROUND FOR REMOVAL UNDER 28 U.S.C. § 1442 WAS UNTIMELY MADE AND MUST BE IGNORED.**

In this instance KeySpan's Notice of Removal failed to aver that it relied on any law other than 28 U.S.C. §§ 1331 and 1446. A Notice of Removal is required to state an adequate factual or statutory basis for removal, and it is insufficient to raise such a basis only by way of an objection to a Motion to Remand. *See*: Schepis v Local Union No. 17, United Bhd. Of Carpenters & Joiners of America, 989 F. Supp. 511(D.C.N.Y. 1998) (defendant's failure to identify LMRA as basis for removal in petition for removal banned defendant from raising it when opposing remand motion.). Nimrod v. Am. Merchs. Life Ins. Co., 190 F. Sup 2d 1282 (D.C. Ala. 2002) (defendant's notice of removal which lacked allegations of fact specific to the instant case deficient in stating a basis for removal). New removal grounds may not be advanced after the thirty-day period for removal has expired. *See*: 14C Wright, Miller and Cooper, § 3733, "Content and Amendment of the Notice of Removal" and § 3734 "Stating the Grounds of Removability."

KeySpan's opposition to the State's remand motion raises a completely new theory of jurisdiction that is different from that originally alleged in its Notice of Removal, after the applicable 30 day period has expired (and without providing the requisite factual allegations in support of its new theory), which is improper. *See*: Hinojosa v. Perez, 214 F.Supp 2d 703 (D.C. Tex. 2002) (disregarding defendants' argument that removal was proper under 42 USCA

§1395dd because defendants failed to mention this theory of federal jurisdiction in the removal notice, mentioning it for the first time in the response to plaintiff's motion to remand).

In Lupo v. Human Affairs International Inc., 28 3d 269 (2d Cir. 1994) the Second Circuit vacated the District Court's dismissal of a case on the basis of preemption and required that the matter be remanded back to state court under the well-pleaded-complaint rule since only state common law claims had been asserted. Id. at 270-2. There, it was found that since defendant's "removal petition fails even to allege the proper amount in controversy" federal jurisdiction was lacking and a remand was immediately required because "removal procedures seek a rapid determination of the proper forum for adjudicating an action." Id. at 274.

In TPS Utilicom Services Inc. ("TPS") v. A T & T Corp., 223 F. Supp 2d 1089 (C.D. Cal. 2002) Plaintiff moved to remand a matter which had been removed to federal court based on defendant's claim of "complete preemption" under the Federal Communications Act, and diversity. After noting that "a strong presumption exists against removal jurisdiction" (Id. at 1094) and that application of the complete preemption doctrine has been "extremely limited by the courts" (Id. at 1097) the Federal District Court held that it did not have "subject matter jurisdiction as a result of complete preemption." Id. at 1100. The Court observed that: "The Plaintiff correctly argues that a district court abuses its discretion to permit a removing defendant to amend a notice of removal to raise additional bases for subject matter jurisdiction after expiration of the thirty day removal period provided at 28 U.S.C. § 1446(b)." Id. at 1095 n. 2.

**(B) THE ASSERTION OF FEDERAL JURISDICTION UNDER 28 U.S.C. § 1442 IS FLAWED AND SHOULD BE REJECTED.**

KeySpan is obviously not a "federal officer," and would not be acting at "the direction" of a federal officer or agency in this instance. Any FERC license would not force KeySpan to expand its facility. KeySpan clearly would not be under a mandate requiring it to expand its existing facility, and no federal officer or agency would penalize it for deciding not to go

forward with the project after receiving the license at issue. No federal law or regulation directs or requires KeySpan to expand at all, let alone in the precise manor and scope which it has proposed to proceed. KeySpan confuses the distinction between being allowed to undertake an activity with being forced or directed to do so. KeySpan is a private corporation and makes no claim of being an officer or agent of the United States; nor does it claim to be proceeding under a contract with the federal government.

Contrary to the arguments advanced in its "Opposition" to the State's Motion to Remand, the caselaw interpreting 28 U.S.C. § 1442 does not support KeySpan's position. In MTBE Products Liability Litigation, 342 F. Supp 2d 147 (S.D.N.Y., 2004), for example, the Defendants' Notice of Removal expressly asserted "federal agent jurisdiction pursuant to Section 1442 (a) 1 of Title 28." Id. at 150. In contrast, KeySpan's Notice of Removal made no such claim. A defendant seeking to remove a case pursuant to § 1442(a) needs to provide "specific and positive" allegations that the conduct complained of was undertaken pursuant to the directions of a federal office or agency. Willingham v. Morgan, 395 US 402, 409, 89 S.Ct. 1813, 23L.Ed. 2d 396 (1969). KeySpan bore a burden of establishing, in its Removal Petition, that federal jurisdiction existed, yet its "Notice of Removal" failed to even mention either § 1442, or any claim that it was acting under the direction of a federal agency, or that a causal nexus between such a federal direction and its conduct existed. "Finally, the 'causal nexus' element of section 1442(a) requires that the defendant aver, in the removal notice, that the act complained of by the plaintiff was undertaken pursuant to the directions of a federal office or agency." *In Re*: MTBE Products Liability Litigation, *supra* at 156. Nor could KeySpan make such a showing, since no federal agency has expressly directed it to expand its facility as proposed. The purpose of § 1442 is to protect officials who are enforcing federal laws, and to remove an action under 28 U.S.C. § 1442 KeySpan must demonstrate that it has already acted

under the direction of a federal officer in filing its application for the activity in question, and it has not made (and cannot make) such a showing. *See*: Davidson v. Arch Chemicals Specialty Products, Inc., 347 F. Supp. 2d 938 (D. Ct., 2004).

On June 13, 2005, the United States Supreme Court pointed out that "it will be the rare state title case that raises a contested matter of federal law" and ". . . even when the state action discloses a contested and substantial federal question the exercise of federal jurisdiction is subject to a possible veto. For the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable & Sons Metal Products Inc. v. Darue Engineering and Manufacturing, 2005 WL 1383604 p. 4-5 (U.S.) (June 13, 2005).

At best, KeySpan is no different than the defendant in Dalrymple v. Grand River Dam Authority, 932 F.Supp. 1311, (N.D. Okla., 1996) affirmed in part, appeal dismissed in part 145 F.3d 1180, certiorari denied 119 S.Ct. 799, 525 U.S. 1069, 142 L.Ed.2d 661, which operated a facility pursuant to a license from the Federal Energy Regulatory Commission, and on that basis sought to remove a case under 28 U.S.C. § 1442. There, the Court held that state law claims of trespass, nuisance, etc. arising from damage to plaintiff's property could not be removed because defendant owned and operated its own facility, had no claim to federal immunity, and because federal law (i.e., the Federal Power Act) subjected licensees to liability to third parties. "The mere fact that it is licensed by FERC does not transform it into a government contractor for purposes of securing federal immunity. In fact, to the contrary, the statutory terms incorporated into the license itself specifically render GRDA, as licensee, liable for damages incurred by third parties as a result of the licensee's operation of its project." Id. at 1313.

Respectfully submitted, Plaintiff,

STATE OF RHODE ISLAND
By its Attorney,

Terence J. Tierney, (#2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2307
Fax: (401) 222-3016

**CERTIFICATION**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 15th day of June, 2005 to:

Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

John Walsh, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Brian Goldman, Esq.
681 Smith Street
Providence, RI 02908

Michael Rubin, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Paul Roberti, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Peter D. Ruggiero, Esq.
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street, Suite 4
Providence, RI 02903

Adrienne G. Southgate, Esq.
Providence City Solicitor's Office
275 Westminster Street
Providence, RI 02903

Frederick M. Lowther, Esq.
Dickstein,Shapiro,Morin & Oshinsky
2101 L. Street NW
Washington, DC 20037