**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **KEYSPAN LNG, L.P.,**<br>**Defendant**<br><br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET ALS.**<br>**Plaintiff.** | **C.A. No. 05-91 S** |

**KEYSPAN LNG, L.P.'S**
**MOTION FOR PROTECTIVE ORDER PROHIBITING**
**THE 30(b)(6) DEPOSITION ISSUED BY THE STATE OF RHODE ISLAND**

Pursuant to Fed. R. Civ. P. 26(c), KeySpan LNG, L.P. ("KLNG") seeks a protective order quashing the State of Rhode Island's 30(b)(6) deposition notice to it. This case presents a pure issue of law, federal preemption, to be decided by this Court. Summary judgment motions currently are before the Court on this very issue. Thus, the Court should preclude the State of Rhode Island's 30(b)(6) deposition of KLNG, which is clearly irrelevant to the legal matters at issue in this case. KLNG further relies upon the accompanying memorandum of law in support of this motion for protective order.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

The above counsel has conferred with counsel for the State in a good faith effort to resolve this matter prior to filing this Motion.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 20th day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116
**Via fax & hand delivery**

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231
**Via fax & hand delivery**

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
**Via fax & hand delivery**

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

Laurenstoael

# 3002107_v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **KEYSPAN LNG, L.P.,**<br>**Defendant**<br><br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET ALS.**<br>**Plaintiff.** | **C.A. No. 05-91 S** |

**MEMORANDUM IN SUPPORT OF KEYSPAN LNG, L.P.'S MOTION FOR PROTECTIVE ORDER PROHIBITING <u>THE 30(b)(6) DEPOSITION ISSUED BY THE STATE OF RHODE ISLAND</u>**

Pursuant to Fed. R. Civ. P. 26(c), KeySpan LNG, L.P. ("KLNG") seeks a protective order quashing the State of Rhode Island's 30(b)(6) deposition notice to it. Good cause exists requiring this Court to prohibit the 30(b)(6) deposition of KLNG because (1) the only issues to be decided by this Court are purely legal, there being no factual issues in dispute; and (2) such notice is irrelevant and unduly burdensome to KLNG.

**<u>BACKGROUND</u>**

Giving KLNG just one week's notice, the State of Rhode Island, in the removed action that it brought against KLNG, issued to KLNG a Rule 30(b)(6) deposition notice for June 22, 2005. The five topics for the deposition include numerous detailed subtopics, none of which is relevant to KLNG's pending motion for summary judgment against the State regarding purely legal issues, namely federal preemption of state law. See attached deposition notice. Indeed, as shown in KLNG's Rule 12.1 Statement of Undisputed Facts submitted with its Motion for Summary Judgment on May 11, 2005, there are no disputed issues of fact pertaining to the summary judgment motion as those facts simply relate that KLNG filed various applications with federal agencies. Indeed, the undisputed facts in

KLNG's Rule 12.1 Statement are substantially similar to or the same as those set forth in the motions for summary judgment pending between the State and KLNG, which were filed in April and argued in May, and not disputed in that proceeding.

In fact, a review of the 30(b)(6) deposition notice of KLNG reveals that this proposed deposition is simply a "fishing expedition" by the State of Rhode Island to gather information that is irrelevant to the legal issues currently before this Court. For example, the first and third topics identified as subject matters for inquiry during the deposition request information concerning KLNG's filing of applications before the Federal Energy Regulatory Commission ("FERC") and the U.S. Army Corps of Engineers. These topics mirror paragraphs B1 and B4 of KLNG's Rule 12.1 Statement, facts that are not in dispute in this action. Thus, the State of Rhode Island clearly is trying to conduct discovery on issues that are not in dispute.[1] Quite simply, the State's Rule 30(b)(6) deposition notice will serve only to burden and harass or delay KLNG in receiving a ruling on its motion for summary judgment regarding the federal preemption issues. For these reasons, the State's 30(b)(6) deposition should be prohibited.

## ANALYSIS

Fed. R. Civ. P. 26(c) allows a court to order that discovery, including depositions, not be had when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." A party seeking such a protective order must demonstrate "good cause" for the order. See Prozina Shipping Co. v. Thirty-Four Auto., 179 F.R.D. 41, 48 (D. Mass. 1998). Although courts are reluctant to prohibit depositions completely, a court may grant such a protective order if the moving party shows a compelling need based on specific facts justifying such an

---

[1] The fifth topic identified in said deposition notice also is irrelevant as it seeks information referenced or discussed in exhibits to a document that indicates that there are no factual issues in dispute. Moreover, the fourth topic identified in the State of Rhode Island's deposition notice clearly concerns a legal determination relating to the effectiveness of the authorizations granted by FERC and the U.S. Army Corps of Engineers, which is irrelevant.

order. See id.; see also Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 71, 75 (D.D.C. 1998); Church of Scientology of Boston v. I.R.S., 138 F.R.D. 9, 10 (D. Mass. 1990).

Courts employ a balancing test to determine if good cause has been established: balancing the needs of the party seeking to prohibit the noticed deposition against those of the party seeking discovery. See Alexander, 186 F.R.D. at 75. Consequently, courts have allowed protective orders to prevent blatant "fishing expeditions" characterized as discovery. See Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192-93 (1st Cir. 2001) (upholding district court's order granting a protective order quashing four deposition subpoenas, in part, because the nonmoving party did not show that any new or relevant information would be obtained from the depositions); Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 41-42 (D. Mass. 2001) (denying motion to take additional depositions stating "Pedraza's motion bespeaks of a possible fishing expedition into what appear to be largely irrelevant issues of discrimination complaints made against a third party.").

A protective order is warranted when a party shows a likelihood that the information sought by the deposition is irrelevant, has no probable bearing on the issues in dispute, and that proceeding with the deposition would only harass and unduly burden the moving party. See Leighr v. Beverly Enterprises-Kansas Inc., 164 F.R.D. 550, 551-52 (D. Kan. 1996); United States v. Miracle Recreation Equip. Co., 118 F.R.D. 100, 104 (S.D. Iowa 1987); Digital Equip. Corp. v. Sys. Indus., Inc., 108 F.R.D. 742, 744 (D. Mass. 1986) (allowing motion for protective order vacating a notice of deposition where deposition was noticed for the purposes of harassing and annoying the deponent); Grinnell Corp. v. Hackett, 70 F.R.D. 326, 333-34 (D.R.I. 1976); see also Rose Silk Mills, Inc. v. Ins. Co. of North America, 29 F. Supp. 504, 505-06 (D.C.N.Y. 1939) (granting order to quash deposition where "the notice of deposition discloses the exact nature of the information sought, and it appears that this information is [entirely] irrelevant"). In the instant case, the State's 30(b)(6) notice will not produce any discovery that will have a bearing on the issues in the motion for summary judgment as such issues are ones purely of law.

Indeed, a protective order becomes necessary in cases where only legal questions are at issue. "A plaintiff's entitlement to discovery prior to ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by [the party] to withstand . . . a motion for summary judgment."[2] See Landry v. Air Line Pilots Assoc. Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990) (citations omitted). Courts have allowed protective orders quashing depositions where there is no factual dispute, thus making further discovery irrelevant and burdensome. See Landry, 901 F.2d at 434-36 (upholding the grant of a protective order, stating "[d]iscovery is not justified when cost and inconvenience will be its sole result."); Niren v. I.N.S., 103 F.R.D. 10, 11-12 (D. Or. 1984) (granting motion for a protective order prohibiting noticed depositions finding that "no factual issue as to the scope and adequacy of the search exists at this time and, therefore, that a protective order should issue."); see also Wyatt v. Kaplan, 686 F.2d 276, 278, 284-86 (5th Cir. 1982) (upholding dismissal of case without discovery as the requested depositions were irrelevant to the matter at issue); Washington v. Norton Mfg., Inc., 588 F.2d 441, 447 (5th Cir. 1979) (affirming dismissal of complaint without allowing further discovery, in part, because "[f]urther discovery could not have added any significant facts and would only have been expensive and burdensome for the nonresident corporation.").

In the present case, there are no material facts at issue. Instead, this case presents a pure issue of law, federal pre-emption, to be decided by this Court. Summary judgment motions currently are before this Court on this very issue. Thus, this Court should preclude the State of Rhode Island's

2 Similarly, courts have prevented similar "fishing expeditions" in the context of Rule 56(f) motions for a continuance to pursue discovery to oppose a summary judgment motion. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285-86 (5th Cir. 1990) ("The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified facts."); U.S. Fid. & Guar. Co. v. Lipsmeyer Constr. Co., 754 F. Supp. 81, 84-85 (M.D. La. 1990) ("The defendants have also failed to specifically demonstrate how . . . additional time for discovery will rebut the moving party's evidence that there is no genuine issue of material fact . . . the purpose of the discovery can only be to engage in a 'fishing expedition.'"); see also Krim v. Banctexas Group, Inc., 989 F.2d 1435, 1441-43 (5th Cir. 1993). In the present case, the State of Rhode Island has not filed a Rule 56(f) motion. However, such a motion would fail as the State of Rhode Island would be unable to state the information it hoped to obtain from the deposition and exactly how that information would assist it in opposing the pending summary judgment motions. See id.

30(b)(6) deposition of KLNG, which is clearly irrelevant to the purely legal matters at issue in this case. See Landry, 901 F.2d at 435-36; Wyatt, 686 F.2d at 284-86; Washington, 588 F.2d at 447. From the face of the deposition notice, it is evident that the deposition is purely a fishing expedition against KLNG. See Ameristar, 244 F.3d at 192-93; Pedraza, 203 F.R.D. at 41-42; Rose Silk, 29 F. Supp. at 505-06. Consequently, KLNG has met its burden and presented "good cause" for prohibiting the noticed deposition as it is unnecessary, irrelevant and will only serve to unduly burden KLNG.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 20th day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116
**Via fax & hand delivery**

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231
**Via fax & hand delivery**

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
**Via fax & hand delivery**

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# 3001459_v1