UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| | : | |
| | : | |
| vs. | : | C.A. No. 05-91S |
| | : | |
| | : | |
| KEYSPAN LNG, L.P. | : | |

**PLAINTIFF STATE OF RHODE ISLAND'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER PROHIBITING THE RULE 30(b)(6) DEPOSITION ISSUED BY PLAINTIFF**

## I. BACKGROUND

Plaintiff recently filed a state-court Complaint containing twenty-one paragraphs of factual allegations, of which Defendant admitted only three. See: Complaint ¶3-24, and Answer, ¶3-24. Defendant then immediately removed the matter to the United States District Court and moved for summary judgment in its favor based on what it alleged to be certain "undisputed facts."

Plaintiff noticed Defendant's Deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6), and identified as the subject matters for examination the Defendant's Statement of Undisputed Facts in support of its summary judgment motion and the matters referenced or discussed in the exhibits attached thereto. In response, Defendant has now sought to prohibit any inquiry whatsoever into its alleged factual basis for entry of summary judgment, and has gone so far as to claim that there exists "no factual issues in dispute" notwithstanding its denial of almost every single factual allegation made by Plaintiff in its Complaint.

## II. ARGUMENT:

**NO COMPELLING NEED TO PROHIBIT DISCOVERY HAS BEEN DEMONSTRATED BY KEYSPAN**

Summary judgment may be granted only after the non-moving party has had an adequate time for discovery. Celotex Corp v Catrett 477 U.S. 317, 322 (1986).

"Prohibiting the taking of depositions is an extraordinary measure. " Prozina Shipping Co. v. Thirty-Four Auto, F.R.D. 41, 48 (D.Mass. 1998). (Conclusory assertions of irrelevance or undue burden held insufficient to support motion for protective order).

KeySpan has barely attempted to meet its burden of specifying facts which demonstrate a compelling need to quash the deposition at issue, and its request to completely extinguish Plaintiff's right to conduct discovery should be denied.

While required to demonstrate particular and specific facts to establish good cause for its requested protective order, KeySpan instead rests entirely on conclusory statements of its own counsel that "there are no material facts at issue" in the case. However, conclusory statements are insufficient to support a motion for a protective order. See: Frideres v. Schlitz 150 F.R.D. 153, 156 (S.D. Iowa 1993); and Prozina Shipping Co. Ltd., supra at p. 48 (the moving party has a heavy burden of showing "extraordinary circumstances" base on "specific facts" that would justify such an order).

None of the case law relied upon by KeySpan supports its claim that the requested deposition concerning matters which it contends are "undisputed facts" amounts to a "fishing expedition," nor has any Affidavit or other proof been supplied to demonstrate how the deposition would supposedly "harass or delay KLNG" and be "unduly burdensome to KLNG". KeySpan's Memo, p. 1-2. For example, in Alexander v F.B.I. 186 F.R.D. 71 (O.D.C. 1998) the

Court refused to quash the deposition because of the failure to demonstrate harassment or harm, and in Amerstar Jet Charter Inc v Signal Composites Inc, 244 F.3d 189 (1st Cir. 2001) the depositions that were quashed were for individuals who had already been deposed previously in the same action, and the required leave of court had not been obtained. Likewise, in Pedrazu v. Holiday Housewares Inc, 203 F.R.D. 40 (D. Mass 2001) the depositions at issue concerned a third party who was not involved in any way in the lawsuit, and the case has no application to the State of Rhode Island's request to depose the defendant corporation. Similarly, in Leighr v. Beverly Enterprises-Kansas Inc, 764 F.R.D. 550 (D. Kan 1996) the information sought through the deposition had no bearing on the issues in dispute, while here the deposition concerns alleged "undisputed facts."

KeySpan's reliance upon Digital Equip. Corp v. Sys. Indus. Inc 108 F.R.D. 742 (S.D. Iowa 1987) is not persuasive, since that matter involved a case where deposing counsel had commented on the record that he intended to "waste one of [the prospective deponent's] afternoons" (Id. P. 743) and the deposition involved the circumstances surrounding the instigation of the case, which was deemed irrelevant. Id., p. 742. Nor is reliance upon Rose Silk Mill Inc. v. Ins. Co. of North America 29 F. Supp. 504 (D.C.N.Y. 1939) helpful to KeySpan's claim, since the information being sought was merely hearsay and therefore irrelevant. And, Landry v. Air Line Pilots Assn 901 F. 2d 404 (5th Cir. 1990) and Washington v. Norton Mfg Inc 588 F.2d 441 (5th Cir. 1979) involved cutting off additional discovery, not prohibiting it altogether as KeySpan requests. The same is true for Niren v I.N.S., 103 F.R.D. 10 where the court held that plaintiff was entitled to depose an officer of the federal agency.

Given KeySpan's refusal to admit eighteen of twenty-one paragraphs of factual allegations set forth in Plaintiff's Complaint, and its proffer of a purported "Statement of

Undisputed Facts" , the Court must reject Defendant's contention that the State "is trying to conduct discovery on issues that are not in dispute."

The Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. Plaintiff notes that in this matter no Rule 16 conference has been conducted, no preliminary pre-trial Order has been entered, and no stay of discovery has been requested, or been granted by the Court. Plaintiff is entitled to the full scope of discovery available to all litigants during preparation for trial, and denying plaintiff the right to conduct discovery (which directly relates to defendant's pending summary judgment motion) would constitute an abuse of the Court's discretion. See: Scroggins v. Air Cargo, Inc. 534 F.2d 1124, 1133 (5th Cir. 1976).

## III. CONCLUSION

KeySpan's request to completely extinguish Plaintiff's right to conduct discovery on what it claims are "undisputed facts" is premised on nothing more than unsupported conclusory statements of counsel, which falls far short of demonstrating "good cause" and meeting its burden of showing "extraordinary circumstances" based on "specific facts" justifying its request, and accordingly, the Court must deny its Motion.

Respectfully submitted,
Plaintiff,

STATE OF RHODE ISLAND
By its Attorney,

Terence J. Tierney, (#2583)
Special Assistant Attorney General
150 South Main Street, Prov., RI 02903
Tel: (401) 274-4400 Ext. 2307
Fax: (401) 222-3016

## CERTIFICATION

I, the undersigned, hereby certify that a copy of the foregoing document was mailed, postage prepaid, on this 24th day of June, 2005 to:

Gregory L. Benik, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

John Walsh, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Brian Goldman, Esq.
681 Smith Street
Providence, RI 02908

Michael Rubin, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Paul Roberti, Esq.
Office of Attorney General
150 South Main Street
Providence, RI 02903

Peter D. Ruggiero, Esq.
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

Christopher M. Mulhearn,Esq.
Ferrucci Russo, P.C.
55 Pine Street, Suite 4
Providence, RI 02903

Adrienne G. Southgate,Esq.
Providence City Solicitor's Office
275 Westminster Street
Providence, RI 02903

Frederick M. Lowther, Esq.
Dickstein,Shapiro,Morin & Oshinsky
2101 L. Street NW
Washington, DC 20037

Colleen Cole