**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **KEYSPAN LNG, L.P.,**<br>**Defendant**<br><br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET ALS.**<br>**Plaintiff.** | **C.A. No. 05-91 S** |

**KEYSPAN LNG, L.P.'S REPLY TO THE STATE OF RHODE ISLAND' S OBJECTION TO MOTION FOR PROTECTIVE ORDER**

KeySpan LNG, L.P. ("KLNG") submits this reply to the State of Rhode Island's Opposition to its Motion for a Protective Order prohibiting the Rule 30(b)(6) deposition. In response to the State's opposition, the critical points KLNG wishes to bring to the Court's attention are:

- The State's argues that the deposition is warranted because KLNG denied certain paragraphs of the State's complaint. This is a proverbial "red herring." None of the factual allegations in the complaint denied by KLNG is remotely related to the five undisputed facts relied upon by KLNG in its pending motion for summary judgment. Indeed, there is no conceivable basis by which the State could dispute these five facts. So instead of filing an affidavit seeking to dispute these five undisputed facts, the State suggests that because KLNG denied, for example, allegations that its proposal will harm fish and create sedimentation impacts it is entitled to take a deposition on all aspects of the KLNG project. This strains credulity. As KLNG stated in its

memorandum in support of its motion for protective order, the only issues to be decided by this Court on its motion for summary judgment are purely legal. Quite simply, there are no factual issues in dispute. Thus, the allegations in the State's complaint, and KLNG's answers thereto, have no bearing on the issues in KLNG's motion for summary judgment. Indeed, in its opposition to KLNG's motion for protective order, the State fails to address the fact that there are only issues of law in KLNG's motion for summary judgment;

- The State has not moved under Rule 56(f) to pursue discovery to oppose KLNG's motion for summary judgment. However, such a motion would fail because the State would be unable to meet its burden to show the Court that the information it hopes to obtain from the deposition would assist it in opposing KLNG's pending summary judgment motion. *U.S.Fid. & Guar. Co. v. Lipsmeyer Constr. Co.,* 754 F. Supp. 81, 84-85 (M.D. La. 1990) ("The defendants have also failed to specifically demonstrate how...additional time for discovery will rebut the moving party's evidence that there is no genuine issue of material fact...the purpose of the discovery can only be to engage in a 'fishing expedition.'"; and
- The topics listed in the State's 30(b)(6) deposition notice are clearly a "fishing expedition" to gather irrelevant information to the purely legal issues currently before this Court. As KLNG previously noted, the deposition topics relate to KLNG's applications before the Federal Energy Regulatory Commission ("FERC") and the U.S. Army Corp of Engineers ("ACOE"). Deposition topics 1-4 essentially mirror paragraphs B1, B3, B4, and B5 of KLNG's rule 12.1 Statement, which was filed in its *first* summary judgment action dated April 18, 2005. Importantly, the State did not

dispute such statements in its opposition to KLNG's April summary judgment motion, all of which was been argued before this Court in May. Now, the State cannot have it both ways—failing to dispute such facts in the first summary judgment proceeding and then trying to dispute or create discovery concerning the same facts to oppose KLNG's second summary judgment motion.[1]

For these reasons and those set forth in its motion for protective order and memorandum in support thereof, the State's 30(b)(6) deposition notice should be quashed as KLNG has met its burden and presented "good cause" for prohibiting the deposition as it is unnecessary, irrelevant and will only serve to unduly burden KLNG.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

[1] As noted in its memorandum in support of its motion for protective order, the fifth topic of the State's deposition notice is irrelevant as it seeks information referenced or discussed in exhibits to a document that indicates there are no factual issues in dispute. Moreover, the fourth topic clearly concerns a legal determination relating to the effectiveness of authorizations granted by FERC and US ACOE, which is irrelevant. KLNG timely objected to the State's deposition notice, including these specifics paragraphs.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 28th day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116
**Via facsimile**

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231
**Via facsimile**

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
**Via facsimile**

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

/s/ Michele Chouette

# 3025544_v1