UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

| | |
|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET ALS.** | **C.A. No. 05-91 S** |

**KEYSPAN LNG, L.P.'S SUR-REPLY TO STATE OF RHODE ISLAND'S REPLY TO KEYSPAN LNG L.P.'S OBJECTION TO MOTION TO REMAND**

KeySpan LNG, L.P. ("KLNG") files this sur-reply in opposition to the arguments raised in the State of Rhode Island's (the "State") reply to KLNG's objection to the motion to remand.

**BACKGROUND**

In its removal notice, KLNG stated that FERC has "exclusive jurisdiction over facilities such as the one KLNG proposes in Providence." See Removal Notice at 2. KLNG indicated that if FERC approves its project, then FERC will be exercising its authority to regulate the transmission and sale of natural gas in interstate and foreign commerce. See id. at 2-3. KLNG's more detailed assertion of Section 1442 jurisdiction in its opposition to the State's motion to remand was appropriate, not untimely, and elaborated in more detail the federal officer jurisdictional basis emanating from FERC's role in KLNG's proposed project. KLNG will move

shortly to amend its Notice of Removal to elaborate on this ground for removal.[1] For the reasons stated below, the State's objection to Section 1442 jurisdiction should be disregarded.

## ANALYSIS

### I. KLNG's Assertion Of Removal Under 28 U.S.C. § 1442 Is Timely and Appropriate

28 U.S.C. § 1446(a) requires a notice of removal to contain a "short and plain statement of the grounds for removal," a liberal standard equivalent to the approach contained in Fed.R.Civ.P. 8(a). See West Virginia ex. rel. McGraw v. Minnesota Mining & Mfg. Co., 354 F. Supp. 2d 660, 668-69 (S. D.W. Va. 2005); McNerny v. Nebraska Pub. Power Dist., 309 F. Supp. 2d 1109, 1115-16 (D. Neb. 2004) ("The jurisdictional pleading requirements for plaintiffs filing a complaint or defendants filing a notice of removal are both governed by the same . . . 'well-pleaded complaint rule.'"); Grynberg Prod. Corp. v. British Gas, P.L.C., 817 F. Supp. 1338, 1354 (E. D. Tex. 1993) ("The absence of detailed grounds setting forth a basis for removal is not fatal to the defendants' right to remove." (citation omitted)); see also Wormley v. S. Pac. Transp. Co., 863 F. Supp. 382, 384-85 (E. D. Tex. 1994). Also, 28 U.S.C. § 1653 allows defective allegations to be amended by the trial or appellate courts. See Minnesota, 354 F. Supp. 2d at *7.

Removal notices may be amended after the expiration of the thirty-day period identified in § 1446(b). See Minnesota, 354 F. Supp. 2d at 668-69 ("First, many courts observe that in applying section 1653, jurisdiction ought to depend more upon the truth of defendant's allegation . . . than upon the defendant's choice of verbiage to allege it." (citation omitted)); LeNeave v. North Am. Life Assur. Co., 632 F. Supp. 1453, 1455 (D. Minn. 1986) ("On balance, the Court finds that liberal amendment of removal petitions is more consonant with the underlying

[1] USX Corp. v. Adriatc Ins. Co., 345 F.3d 190, 204-06 (3rd Cir. 2003) ("Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."), cert. denied by 541 U.S. 903 (2004);

philosophy and purposes of section 1653 and the federal rules of pleading."). To rule otherwise, would "exert form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." See id. at 1455 (citation omitted).[2]

The failure to identify a statute when invoking federal question jurisdiction is not fatal to the amendment of a removal notice where an adequate basis for removal exists. See Heller, 276 F. Supp. 2d at 179-81 (allowing amendment of removal notice asserting federal question jurisdiction to include diversity jurisdiction, stating that it is "[b]etter, if the jurisdiction in fact exists, to permit the petition to be amended to reflect it and that prohibiting amendment would tend to unduly exalt form over substance." (citation omitted)). Moreover, a shift in legal theory interpreting plead allegations in a notice of removal does not constitute "new grounds" barring amendments. Indeed, courts have allowed assertion of federal officer jurisdiction in amendment to removal notices. See National Audubon Soc'y v. Dep't of Water & Power of the City of Los Angeles, 496 F. Supp. 499, 503-04 (E. D. Cal. 1980) (allowing amendment to assert jurisdiction under § 1442 rather than § 1441, the statute identified in the notice of removal, and taking judicial notice of facts supporting federal officer jurisdiction not advanced in the notice of

[2] In addition to the liberal amendment line of cases, under another line of cases on amendments to removal petitions, a party is only prohibited from amending its notice if the allegations that it wishes to include are entirely absent from the original notice. See LeNeave, 632 F. Supp. at 1455-56. In these cases, the court must determine whether the defendant "imperfectly stated" or completely omitted the ground for removal that it now is asserting. If the court concludes that the ground was "imperfectly stated," the court has discretion to allow the amendment and will look to whether the proposed amendment is merely technical or substantial. See Minnesota, 354 F. Supp. 2d at 670; Hinojosa v. Perez, 214 F. Supp. 2d 703, 707 (S. D. Tex. 2002); see also Heller v. Allied Textile Companies Ltd, 276 F. Supp. 2d 175, 180-81 (D. Me. 2003) ("remedy is limited to building upon an already extant jurisdictional foundation."); Wormley, F. Supp. at 385. A "substantial" amendment is one that is likely to lead to "a significant factual dispute between the parties." McNerny, 309 F. Supp. 2d 1109, 1117 ("although defendant's notice of removal does not mention supplemental jurisdiction, this failure cannot divest the court of its properly pleaded original jurisdiction . . . any amendment of the removal notice to plead supplemental jurisdiction will not add a new ground . . . but merely serve to clarify the extent of the court's existing jurisdiction over this case."). The instant case is not such a case.

removal.). See also Arnold v. Blue Cross & Blue Shield of Texas, Inc.,[3] 973 F. Supp. 726, *737-38 (S. D. Tex. 1997) (allowing amendment of removal notice to assert federal officer jurisdiction, in part, because the amendment "does not bring any new facts to this litigation . . . Because Blue Cross changed only the way it used its pleaded facts, rather than attempting to change or materially add to the facts themselves, the Court will consider . . . [the] argument on its merits.").

In the present case, KLNG's removal notice put the State on notice that removal in this case was appropriate under Section 1442 because of FERC's role with KLNG's proposed project. To adopt the State's position and preclude consideration of federal officer jurisdiction would assert form over substance and would waste the considerable resources already expended by this Court in deciding the purely legal issues involved in this action.

## II. The Assertion Of Jurisdiction Under 28 U.S.C. § 1442 Is Not Premature.

The State argues that federal officer jurisdiction is inappropriate in this case because it is premature as "no federal agency has expressly directed it [KLNG] to expand its facility as proposed." See State's Reply, at 4-5. However, this argument overlooks the fact that the State triggered this issue in the way it drafted its complaint, which raises anticipated actions in the various counts. The State should not now be allowed to object to the ripeness of KLNG's defense to the very anticipatory claims that it asserted. Moreover, the cases cited by the State do not detract from the appropriateness of federal officer jurisdiction in this case.[4]

[3] Arnold v. Blue Cross & Blue Shield of Texas, Inc., 973 F. Supp. 726 (S. D. Tex. 1997) was superseded by statute on other grounds, BlueCross BlueShield of Tennessee, Inc. v. Griffin, NO. 1:03-CV-140, 2004 WL 1854165 (E.D. Tenn. Jan. 06, 2004), overruling recognized on other grounds, see e.g. Madden v. Able Supply Co., 205 F. Supp. 2d 695 (S. D. Tex. 2002).

[4] The State citation to MTBE Products Liability Litigation overlooks the fact that the court indicated that federal officer jurisdiction has been interpreted broadly by courts and that the "causal nexus" element can be satisfied when there is evidence of "intimate government involvement in the design decisions causally related to the alleged tort . . .

## CONCLUSION

For the reasons stated above, and in KLNG's previously filed pleadings on removal the Court should consider federal officer jurisdiction under 28 U.S.C. § 1442 as another appropriate basis for federal question jurisdiction.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

.". See MTBE, 342 F. Supp. 2d 147, 153-156, 158 (S.D.N.Y. 2004), clarified by, 341 F. Supp. 2d 386 (S.D.N.Y. 2004). KLNG has satisfied this prong in its removal notice because it stated that the conduct the State complains of has to be performed at the direction of FERC, which has exclusive jurisdiction over its proposed facility. See Notice of Removal, at 2-3. In addition, the State's reliance on Davidson v. Arch Chemicals Specialty Products, Inc. and Grable & Sons Metal Products Inc. v. Darue Engineering and Manufacturing are irrelevant. In Davidson, the court identified the elements for removal pursuant to 28 U.S.C. §1442 but explicitly refused to decide this issue once it concluded that removal under 28 U.S.C. §1441 was proper. See 347 F. Supp. 2d 938, 941, 943 (D. Or. 2004). In Grable, the court evaluated the appropriateness of removal pursuant to federal question jurisdiction regarding tax law only, not 28 U.S.C. §1442. See No. 04-603, 2005 WL 1383604 (U.S. June 13, 2005). The State's citation to Willingham v. Morgan for the proposition that a defendant needs to provide "specific and positive" allegations overlooks the fact that the court qualified this statement, saying that "[t]hese requirements must, however, be tailored to fit the facts of each case." See 395 U.S. 402, 408-09 (1969). Lastly, Dalrymple v. Grand River Dam Authority concerned the evaluation of whether or not immunity defenses asserted by the defendant qualified as a "colorable federal defense to the Plaintiffs' claims." See 932 F. Supp. 1311, 1313-14 (N. D. Okla. 1996). However, KLNG is not claiming immunity as a federal defense, rather it is arguing that its actions, including those complained of by the State will be wholly governed by FERC, a federal agency. Thus, Dalrymple has no bearing on this case.

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 29th day of June, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116
**Via fax & hand delivery**

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231
**Via fax & hand delivery**

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
**Via fax & hand delivery**

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

Michele Charette

# 3028634_v1