UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | |
| | : | |
| v. | : | C.A. No. 05-91S |
| | : | |
| KEYSPAN LNG, L.P. | : | |

### MEMORANDUM AND ORDER

Before the Court is Keyspan LNG, L.P.'s ("Keyspan") Motion for Protective Order as to the

State of Rhode Island's Rule 30(b)(6) Deposition (Document No. 58) filed pursuant to Fed. R. Civ.

P. 26(c). This Motion has been referred to me for determination. 28 U.S.C. 636(b)(1)(A); Local

Rule 32(b). A hearing was held on June 30, 2005. For the reasons set forth below, Keyspan's

Motion is DENIED.

### Discussion

A party moving for a protective order under Fed. R. Civ. P. 26(c) must set forth "particular"

facts to establish "good cause" for the order. Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir.

1986). "Prohibiting the taking of depositions is an extraordinary measure" requiring the moving

party to meet a "heavy burden" of showing justifying circumstances. Prozina Shipping Co., Ltd. v.

Thirty-Four Autos., 179 F.R.D. 41, 48 (D. Mass. 1998). Such requests are "rarely granted." Bucher

v. Richardson Hosp. Auth., 160 F.R.D. 88, 92 (N.D. Tex. 1994); see also Jennings v. Family Mgmt.,

201 F.R.D. 272, 275 (D.D.C. 2001).



Keyspan has not met its "heavy burden" under Fed. R. Civ. P. 26(c) for an order precluding the State's Rule 30(b)(6) deposition. Keyspan does not argue that the subject matters for examination listed in the State's deposition notice are irrelevant, at least for purposes of discovery, to the claims made by the State in the removed state action. Thus, for purposes of this Motion, this Court concludes that the subject matters listed are appropriate areas for discovery under Fed. R. Civ. P. 26(b)(1). Keyspan's argument for a protective order is primarily one of undue burden.

Keyspan argues that there are multiple summary judgment motions pending before District Judge Smith in these consolidated cases which present "a pure issue of law, federal preemption, to be decided by this Court." Keyspan contends that the facts necessary for the Court to decide this legal issue are undisputed and undisputable. Thus, Keyspan argues, any evidence obtained by the State in its Rule 30(b)(6) deposition would be "clearly irrelevant to the legal matters at issue in this case." At the hearing, Keyspan argued that, in its view, the discovery sought would not produce any facts germane to the Motion for Summary Judgment and would be a "colossal waste of all the litigants' time."

The State strenuously disputes Keyspan's arguments as to the potential relevance of the discovery sought to the issues presented in Keyspan's pending Motion for Summary Judgment in the removed state action. The State correctly points out that there has been no stay of discovery requested or imposed by the Court, and it is clear that the mere filing of a motion under Fed. R. Civ. P. 56 does not operate as such a stay. In fact, it is commonplace for discovery to proceed when potentially dispositive motions under Fed. R. Civ. P. 12 or 56 are before the Court for determination. The State asserts that it is required by Judge Smith to respond to Keyspan's Rule 56 Motion by July

8 over its "objection" and "request for additional time," and that it needs the discovery sought in order to respond properly to Keyspan's Motion and to investigate its claimed "undisputed facts."

At the hearing, the State's counsel advised this Court, "with all due respect," that the Court was "blurring" the issues in this case and also erroneously "assuming" that it had jurisdiction even to decide this Motion. He was plainly frustrated with this Court's questions and characterized the Court's comments and questions at the hearing as haphazardly "jumping" from issue to issue. The Court can only assume that this was also meant "with all due respect." Finally, the State's counsel himself "jumped" to an incorrect conclusion and stated that this Court was erroneously placing the "burden" on his client under Rule 26(c) to establish that it would suffer prejudice if the deposition was quashed. As noted above, this Court is fully aware that the movant for a protective order bears the burden under Rule 26(c). This Court never stated that the "burden" was on the State and its questions as to prejudice were not intended to shift the burden but rather simply to do its job and obtain a full and clear picture of the circumstances before rendering a decision on the Motion. This Court would hope that the State's counsel could understand and respect the Court's efforts in that regard.

Although the State's deposition may well add nothing to the analysis of the legal issues currently pending before Judge Smith, this Court is unable to conclusively make that determination at this time. Keyspan has simply not met the "heavy burden" necessary to justify an order precluding the State from exercising its discovery rights under the Federal Rules of Civil Procedure and meeting its obligation under Fed. R. Civ. P. 56(e) to respond to Keyspan's pending Motion for Summary Judgment.

**Conclusion**

For the reasons discussed above, Keyspan's Motion for Protective Order (Document No. 58)

is DENIED.

LINCOLN D. ALMOND
United States Magistrate Judge
July 1, 2005

-4-