**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **KEYSPAN LNG, L.P.,**<br>**Defendant**<br><br>**v.**<br><br>**THE RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL, ET ALS.**<br>**Plaintiff.** | **C.A. No. 05-91 S** |

**MEMORANDUM OF KEYSPAN LNG, L.P.'S IN RESPONSE TO COURT ORDER OF JULY 1, 2005**

By Order dated July 1, 2005, the Court directed the parties to respond to two questions regarding the FERC's recent Order denying authorization for Keyspan LNG L.P.'s ("KLNG") project. KLNG's response is set forth below:

1. The Federal Energy Regulatory Commission Order denying authorization to KLNG, issued on July 5, 2005, 112 FERC ¶61,028 (2005), should not have an impact on the cases before this Court or the pending motions. While KLNG is disappointed with the Commission's Order, it intends to seek rehearing of the Order and, if unsuccessful, will consider seeking review of the Order or Orders in the United States Court of Appeals for the D.C. Circuit. The outcome of this litigation is significant to the future course of the KLNG project, and KLNG would urge the Court to maintain its previously indicated schedule for decision.

KLNG believes that it has a strong basis on which to seek rehearing and if necessary circuit court review of the Commission's Order. The Order found that KLNG's proposal would "provide a new source of reliable LNG imports in New England, where gas is critically needed" and that its close proximity to Algonquin's interstate pipeline system and to numerous local distribution companies and electric generation facilities would "make LNG imports readily available to New England markets" (¶29). It acknowledged as well that the final EIS had concluded that: (1) "construction and operation of the [KLNG} project would result in limited adverse environmental impact with the appropriate mitigation" largely because it would "make use of an existing LNG facility within a designated port area, which would minimize environmental impacts and maintain consistency with existing land uses" (¶48), and (2) "no single alternative or combination of alternatives would be capable of meeting the project objectives with fewer construction- or operations-related environmental impacts" (¶47). Its denial of Section 3 authorization was based on a single factor -- its determination that the project would be a "new LNG import terminal" that would not "comply fully with the DOT's current safety standards" (¶3). KLNG will demonstrate that the Commission clearly erred in reaching this conclusion.

2. The process for review of Commission orders is set forth in§ 19 of the Natural Gas Act, 15 USC § 717r. In summary, KLNG has 30 days (i.e., until August 4, 2005) to seek rehearing of the Order. A request for

rehearing is a necessary predicate for filing a petition for review of the Commission's Order in the D.C. Circuit. The Commission has 30 days from the filing of a request for rehearing to grant or deny the request. If it grants rehearing, there is no limit on the time which the Commission may take to issue an order on rehearing, but the Commission typically acts expeditiously on rehearing requests. If, on rehearing, the Commission grants authorization to KLNG, the project will proceed in accordance with its Order. If the opposite is true, KLNG has 60 days to petition for review of the Commission's Order or Orders in the D.C. Circuit. Typically, the Circuit Court review process takes 8-12 months.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to the following on this 8th day of July, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
**Via Hand Delivery**

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

Rauerstone

# 3049654_v1