**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEYSPAN LNG, L.P.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**RHODE ISLAND COASTAL RESOURCES MANAGEMENT COUNCIL; MICHAEL M. TIKOAIAN, in his capacity as Chairman of The Rhode Island Coastal Resources Management Council; JAN P. MALIK; PAUL E. LEMONT; LAURENCE W. EHRHARDT; THOMAS RICCI; DAVID ABEDON; JERRY SAHAGIAN; DANIEL DAPONTE; EILEEN S. NAUGHTON; V. SUSAN SOSNOWSKI; JOSEPH R. PAOLINO; K. JOSEPH SHEKARCHI; GERALD P. ZARRELLA; NEIL GRAY; RAYMOND C. COIA; AND and FREDERICK VINCENT in their Capacities as Members of the Rhode Island Coastal Resources Management Council,**<br><br>**Defendants** | ) | **C.A. No. 05 - 091S** |
| **State of Rhode Island**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KeySpan LNG, L.P.,**<br><br>**Defendant.** | ) | **C.A. No. 05 – 168S** |

**Joint Response of Rhode Island Coastal Resources Management Council and the State of Rhode Island to the Court's July 1, 2005 Order**

Patrick C. Lynch, Attorney General of Rhode Island, submits the following answers on behalf of the Coastal Resources Management Council and its Members acting in their official capacities as well as the State of Rhode Island (collectively referred to as the "State"), to the questions posed by Court in its July 1, 2005 Order. In that Order, the Court posed the following questions to the parties:

1. What impact, if any, the Federal Energy Regulatory Commission's ("FERC") denial of KeySpan's application will have on the above-captioned cases and related motions pending before this Court; and

2. The process for appeal of FERC's denial, including the standard of review and the likely timetable in the event of such appeal.

**Response to Question No. 1**:

This consolidated matter involves two separate and distinct causes of action. In *Keyspan v. Coastal Resources Management Council*, plaintiff seeks a determination that it need not comply with the State coastal resource management permit process because it is seeking a license from a federal agency and need only obtain a certification that the proposed activity will be consistent with the State's federally-approved Coastal Resources Management Program ("CRMP"). It is the position of the State of Rhode Island that the June 24, 2005 decision of the Federal Energy Regulatory Commission ("FERC" or "Commission") denying Keyspan LNG, L.P.'s ("Keyspan") request for authorization to construct a liquefied natural gas ("LNG") marine terminal pursuant to Section 3 of the Natural Gas Act ("NGA"), renders moot Keyspan's claim that the State's CRMP is preempted by federal law. Consequently, there is no basis upon which the

Court should grant the declaratory and injunctive relief requested in Keyspan's Complaint.

In State of Rhode Island v. Keyspan LNG, L.P., the State filed suit in state court against Keyspan in which it raised strictly state law claims for relief (i.e., trespass, public nuisance, interference with the public's rights in land, and a quiet title claim). FERC's denial of Keyspan's application lends further support to the State's contention that this Court lacks jurisdiction over the subject matter. The State submits that its pending Motion to Remand should be granted since Keyspan's sole defense is premised upon a preemption claim which assumes that the FERC would grant it authorization under Section 3 of the Natural Gas Act.

Although FERC regulations permit an applicant to seek rehearing of a license denial, in the circumstances of this case, the likelihood of success on such a request must be viewed as extremely unlikely. In exercising its public interest authority under NGA Section 3, FERC determined that it would not permit Keyspan's existing LNG storage facility to be converted into a marine terminal since the proposed LNG terminal would not meet "current federal safety standards required of all other new LNG import facilities in the United States." *July 5, 2005 Order Denying Authorization, at 17 (attached hereto as Exhibit A).* In reaching a unanimous decision to deny Keyspan's request, FERC relied upon specific data and conclusions which demonstrated that the antiquated safety features of Keyspan's 31-year-old facility significantly increased the risk to the public in the event of a LNG release.

Under Section 3 of the Natural Gas Act, FERC clearly has the authority to apply reasonable conditions to ensure that the proposed construction and operation of a LNG

terminal is in the public interest and likewise, the "discretion to, instead, deny an application where we determine that it is not in the public interest to approve it." (July 5, 2005 Order, at 17). The United States Court of Appeals definitively addressed the scope of FERC's discretionary authority in *Distrigas Corporation v. FPC, 495 F.2d 1057 (D.C. Cir. 1974), cert. denied, 419 U.S. 834 (1974),* which held that FERC's authority over imports is "at once plenary and elastic" to ensure that the public interest is adequately protected. Accordingly, the State submits that Keyspan's proposed conversion of its storage facility at Field's Point into a marine terminal is now prohibited by federal law, and given FERC's broad authority, will likely never be revived on an appeal, assuming one is pursued by Keyspan. Therefore, the Court should dismiss Keyspan's complaint as there is no longer any case and controversy. In the alternative, the State would be prepared to file a Motion to Dismiss on this ground in the event the Court desires the filing of a formal Motion.

**Response to Question No. 2:**

The process for appealing FERC's denial of Keyspan's NGA Section 3 authorization request is set forth in Rule 713 of the FERC's Rules of Practice and Procedure. Rule 713 specifies that a Request of Rehearing of a "final decision" or "other final order" must be filed not later than 30 days after issuance of "any final decision or other final order in the proceeding." Given that FERC issued a written decision and order on July 5, 2005, Keyspan would have thirty days from that date to file for reconsideration. Under Rule 713, the FERC has thirty days to act upon the rehearing request. No action by the Commission within the thirty-day period is deemed by the

Rules to be a denial of the Rehearing request. *Rule 713(f)*. The filing of a request for rehearing does not stay the Commission decision or order. *Rule 713 (e).*

If the Commission denies Rehearing, Keyspan has the right to seek review of the final Order by petitioning the United States Court of Appeals for any circuit in which the applicant maintains a principal place of business or in the United States Court of Appeals for the District of Columbia. 15 U.S.C. § 717(r). The petition must be filed within sixty (60) days of the FERC's order denying reconsideration.

The standard of review is set forth in the Administrative Procedures Act. The standard is as follows:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be-
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> **(B)** contrary to constitutional right, power, privilege, or immunity;
> **(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> **(D)** without observance of procedure required by law;
> **(E)** unsupported by substantial evidence in a case subject to section 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by stature; or
> **(F)** unwarranted by the facts to the extent that the facts are subject to trial denovo by the reviewing court.
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due

> account shall be taken of the rule of prejudicial error. 5 U.S.C. § 706.

As recently pointed out by United States Court of Appeals for the District of Columbia, the Court's review is limited to whether the Commission "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made.'" *Electricity Consumers Resource Council v. Federal Energy Regulatory Commission, 407 F.3d 1232, 1236 (D.C. Cir. 2005); quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co., 463 U.S. 156, 168 (1962).* In the event that Keyspan seeks judicial review of FERC's denial, Keyspan will bear a "heavy burden of making a convincing showing" that the decision is invalid "because it is unjust and unreasonable in its consequences." FPC v. Hope Natural Gas Co., 320 U.S. 592, 602 (1944).

When it comes to policy decisions (such as the one announced by the Commission in the context of Keyspan's licensing proceeding), the Court held that the standard of review is "highly deferential" because such decisions involve "policy judgments that lie at the core of the regulatory mission." *Electricity Consumers Resource Council, 407 F.3d at 1236.* FERC's need to ensure the safe operation of a LNG marine terminal where an estimated 28,000 people reside or work within one mile of the facility, and where Keyspan is requesting FERC to authorize the construction of a LNG terminal in the midst of such a densely populated area, is a critical matter that runs to the core of the agency's mission.

## CONCLUSION

FERC's unanimous decision to deny Keyspan's application renders moot all of Keyspan's claims concerning federal supremacy and preemption, leaving the Court with nothing left to decide in these consolidated cases. Keyspan's case should be dismissed, and the State's case should be remanded to state court.

Respectfully submitted,

RHODE ISLAND COASTAL
RESOURCES MANAGEMENT COUNCIL
AND THE STATE OF RHODE ISLAND

By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Terence Tierney (R.I. Bar No. 2583)
Special Assistant Attorney General

Paul Roberti (R.I. Bar No. 4447)
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400
Fax: (401) 222-3016

Brian A. Goldman (R.I. Bar No. 3490)
Counsel to Rhode Island Coastal Resources
Management Council
Goldman Law Offices
681 Smith Street
Providence, RI 02908
Phone: (401) 521-4100

**Certification**

I, the undersigned, hereby certify that a copy of the foregoing document was mailed on this 8th day of July, 2005 to Gregory Benik, Holland & Knight, One Financial Plaza, Suite 1800, Prov., RI 02903; and mailed to: Peter D. Ruggiero, Ruggiero, Orton, & Brochu, 20 Centerville Road, Warwick, RI 02886; Mark Russo and Christopher M. Mulhearn, Ferrucci Russo, P.C., 55 Pine Street, Suite 4, Prov., RI, 02903; Adrienne G. Southgate, Prov. City Solicitor's Office, 275 Westminster Street, Prov. RI, 02903; and Beth Webb and Frederick M. Lowther, Esq., Dickstein, Shapiro, Morin & Oshinsky, 2101 L. Street NW, Washington, DC 20037.